RICHARD P. SPIERS *v.* HALSTEAD, HAINES & CO.

An affidavit, in which it is stated that the defendant is "non-resident of this State," but it does not state that he "has property within the same," is not sufficient to justify a service by publication.

CIVIL ACTION for the recovery of a certain debt by attachment, tried at the Spring Term, 1874, of HALIFAX Superior Court, before his Honor *Judge Watts.*

The only question raised in the case was as to the sufficiency of the affidavit, and the facts relating to which are set out fully in the opinion of the Court.

His Honor, on the trial below, held the affidavit insufficient, and gave judgment accordingly. From this judgment plaintiff appealed.

*W. Clark,* for appellant.
*Moore & Gatling, Batchelor & Son,* contra.

READE, J. Service of process upon the defendant so as to make him a party and enable him to defend, is necessary to

the validity of every subsequent step in the action. Such service may be by taking the body, or by personal summons, or by publication, as may be prescribed by law in any given case. In this case the service was by *publication.* And the only question is, whether the service is sufficient?

Personal service being the ordinary mode of making the defendant a party, it seems to be contemplated by our statute that that shall be the *only* mode, unless a foundation is laid for some other by *affidavit.* And so service by publication is prescribed where it " appears by affidavit," that the defendant " is not a resident of this State, but has property therein, and the Court has jurisdiction of the subject of the action." C. C. P., sec. 83. In this case the affidavit states that the defendant is " not a resident of this State," but it does not state that he " has property within the same." It does appear subsequently by the return of the sheriff that the defendant did have property in this State ; and the plaintiff insists that this is sufficient. If so, it would be sufficient if it should appear by the return of the sheriff, or in some other way, that the defendant is not a resident of this State. And so an affidavit might be dispensed with altogether. But the statute prescribes that whatever is necessary to dispense with personal service of the summons shall appear by *affidavit* and not otherwise.

We are of the opinion that the affidavit is insufficient, and that there is no error in the order appealed from.

PER CURIAM.                    Judgment affirmed.