### JOHN H. WHEELER *v.* C. L COBB and K. R. COBB.

Where service of summons is made by publication, the requirements of the statute, Bat. Rev. chap. 17, sec. 83, must be strictly complied with; and the affidavit so required, will be fatally defective, in the absence of an allegation that the person on whom the summons is to be served, cannot, after due diligence, be found within the State. Everything necessary to dispense with personal service must appear by affidavit.

But if the defendant enters a general appearance to the action, all antecedent irregularity of process is cured, and places the defendant on the same ground as if he had been personally served with process.

Where one voluntarily removes from this to another State, for the purpose of discharging the duties of an office of indefinite duration, which requires his continued presence there for an unlimited time, such person is a non-resident of this State for the purposes of an attachment, notwithstanding he may visit this State, and have the intent to return at some time in the future.

(*Spiers* v. *Halstead*, 71 N. C. Rep. 210; *Horne* v. *Horne*, 9 Ired. 99; *Abrams* v. *Pender*, Bush. 260, cited and approved.)

CIVIL ACTION, on a money demand, commenced by summons, and tried before EURE, J., at the February Term, 1876, of PASQUOTANK Superior Court.

The summons in this case was issued against both defendants on the 9th day of June, 1875; and on the same day, proceedings were had before the Clerk of the Court, in respect to issuing an attachment against the defendant, K. R. Cobb, founded on the following affidavit:

" Wm. F. M. Eringhaus, Atto. for J. H. Wheeler, the plaintiff above named, being duly sworn, deposes and says::

1st. That the defendant, K. R. Cobb, is indebted to the plaintiff in the sum of eleven hundred and ninety-seven dollars and forty-eight cents ($1,197.48,) due as acceptor of a draft, drawn by C. L. Cobb, dated Washington, D. C., 10th of March, 1875, payable sixty days after date, for eleven hundred and ninety-seven dollars and forty-eight cents

($1,197.48,) to the order of John H. Wheeler, which draft was endorsed by said Wheeler and afterwards paid by him.

2nd. That the said defendant is a non-resident of the State of North Carolina, and has property within the State."

Upon the foregoing affidavit, an order of publication was issued, and publication made; also a warrant of attachment issued, and on the 9th June, 1875, the Sheriff levied the same on certain real estate.

On the hearing, a motion was made to dismiss the action as to K. R. Cobb, his attorney appearing for the purpose of demurring to the complaint. The docket shows, that at the return term of the Court, J. P. Whedbee's name is entered as attorney for the defendants; and at the same term, this entry was made upon the docket: " Defendants allowed until the 1st of December to file pleadings; order mutual, to take depositions, at ten days' notice.

Upon the hearing the motion to dismiss the action, by consent of counsel on both sides, his Honor heard testimony as to the residence of the defendant, K. R. Cobb, at the time of issuing the summons and attachment and before and since that time. And from this testimony, the Court found as facts, that on the 9th of June and continually thereafter, and up to the trial, K. R. Cobb is and has been a resident of the State of North Carolina.

The testimony on the question of residence, was heard at the bar, from witnesses sworn, to which the plaintiff excepted, because it should be heard only in the shape of affidavit.

On the question of the residence of the defendant, K. R. Cobb, the plaintiff's counsel offered to read a letter received by him, written by the plaintiff touching the matter, which the Court declined to hear as evidence of facts stated in said letter. Plaintiff excepted.

The Court finds further, that there was no affidavit filed for publication of summons, nor any other paper filed or

affidavit made than the copies accompanying the statement of the case.

Upon further question of evidence, the defendant, K. R. Cobb, was permitted by the Court to testify, after exception, that he was a resident of Pasquotank County, North Carolina, where he was raised and his mother's family still reside; that when he was appointed Supervisor of Internal Revenue by the proper department of the United States Government, and assigned to duty in the States of Louisiana and Texas, he claimed his home in said County and State, exercising the privilege of citizenship therein, and spent what time he could spare from his official duties in said County and State, and never voted, nor claimed the right to do so elsewhere.

The counsel for the plaintiff then asked the Court for leave to put in an affidavit for publication of summons, and for leave to amend in the other matters, of which defendants complained. The Court refused this application for the reason that in the opinion of the Court, that many of the objections were not only as to form but also as to substance, and the Court had no power to amend in matters of substance.

Plaintiff then demanded judgment against the defendants for want of an answer, for the amount demanded in the complaint, for the following reasons:

(1.) That the affidavit of the publication of the newspaper in which the summons was ordered, with the affidavit of the deposit in the post office of a copy of the summons, showed that service was made, without any affidavit by the plaintiff as to the publication of the summons.

(2.) That the defendants appeared at the last term of the Court, August, 1875, by counsel; that, that appearance was to the action, and not as claimed by counsel for K. R. Cobb, only to take objections to defects in the papers; and if there were defects of service, objections should have been then

taken. The Court refused to give the plaintiff the judgment asked for.

The plaintiff then asked to be permitted to issue an alias summons for defendants. This was also refused by the Court; and it was adjudged that the action as to K. R. Cobb be dismissed, and that the plaintiff pay the costs. From this judgment, the plaintiff appealed.

*Gilliam & Pruden,* for appellant.

No counsel *contra* in this Court.

BYNUM, J. The service of summons by publication, is fatally defective, in that it does not conform to the requirements of the statute. The foundation and first step of service by publication, is an affidavit that " the person on whom the summons is to be served, cannot, after due diligence, be found *within the State.*" Bat. Rev., chap. 17, sec. 83. This requirement was omitted in the affidavit, why, it is hard to conceive, as it was made by the attorney himself, who, as a prudent practitioner, should have had the statute before him in drafting the affidavit. For this Court had repeatedly held, that the provisions of this statute must be strictly followed. *Spier* v. *Halstead,* 71 N. C., 210. Everything necessary to dispense with personal service of the summons, must appear by affidavit. The mere issuing of a summons to the Sheriff of the County of Pasquotank and his endorsement upon it, the same day, and perhaps the next moment after it came to hand, that " the defendant is not found in my county," is no compliance whatever with the law; for it might well be that the defendant was at that time in some other county in the State, and that the plaintiff knew it, or by due diligence could have known it, and made upon the defendant a personal service of the summons. Every principle of law requires that this personal service should be made, if compatible with reasonable diligence.

But the case states that "the docket shows that at the return term of the Court, J. P. Whedbee's name is entered as attorney for the defendants," and at the same term this en-entry was made upon the docket : "Defendants allowed until the first of December to file pleadings—order mutual to take depositions upon ten days' notice." There being nothing in this appearance by attorney, qualifying it, the only reasonable construction is, that it was a general appearance ; that is for all purposes. A general appearance to an action, cures all antecedent irregularity in the process, and places the defendant upon the same ground as if he had been personally served with process. *Pollard* v. *Dwight*, 4 Cr. 421. *Taylor* v. *Longworth*, 14 Pet., 172, 14 Pet., 293. It was, therefore, too late, at a subsequent term of the Court, to raise the objection to the regularity of the service. The Court will the more readily give this effect to an appearance entered without qualification, because such objections, raised by the defendant himself, who *appears* in Court to make them, are generally for delay, and to avoid an answer to the merits of the action.

The defendant being thus regularly in Court, it was competent for him to show that the attachment was void, and. to move to vacate it. His ground is, that he was a resident of the State, and, therefore, in his case, no attachment lay.

In *Horne* v. *Horne*, 9 Ired., 99, and *Abrams* v. *Pender*, Busb., 260, a distinction is taken between domicil and residence. To acquire a new domicil there must be, not only residence but the *animus manendi* ; but one may be a non-resident, without losing his domicil or rights of citizensnip, in the State of his origin, or gaining a domicil in another. The facts of our case are, that the defendant had accepted an office of indefinite tenure, under the government of the United States, and had been assigned to duty in the States of Louisiana and Texas, and that the proper discharge of these

duties required his residence there for an indefinite and undefined time.

Now, although the defendant may have continued to claim the rights and privileges of citizenship in the State of North Carolina; never voted or claimed the right to vote out of the State, and occasionally visited the State; yet all this is consistent with his having a domicil in North Carolina and a residence elsewhere.

In *Abrams* v. *Pender*, befose cited, A. enlisted in the army during the war with Mexico, and during his absence B. sued out an attachment against his property. The question now presented was raised in that case but not decided, because the case went off on the ground that the statute then in force required that the removal of the defendant should have been fraudulent or with intent to evade process, before an attachment lay. Not so now. An attachment is now made a provisional remedy in the progress of a cause, and can be sued out, whenever the defendant is a non-resident, regardless of intent. Bat. Rev., chap. 17, sec. 197. Without deciding who, in law, is a non-resident in other respects, but confining the decision to a construction of this statute, the conclusion is that where one voluntarily removes from this to another State, for the purpose of discharging the duties of an office of indefinite duration, which require his continued presence there for an unlimited time, such an one is a non-resident of this State for the purposes of an attachment, and that notwithstanding he may occasionally visit this State, and may have the intent to return at some uncertain future time.

His Honor in the Court below decided the question of non-residence, as one of fact, whereas it is one of law and fact. The facts as found constitute the defendant a non-resident under the statute. The affidavit for the attachment complies with the requirements of the Act, Bat. Rev. chap. 17, sec. 201,2, and is therefore sufficient.

There is error. The judgment is reversed and the case remanded, that the defendant may have leave to answer, and that further proceedings may be had according to the course of the Court.

PER CURIAM. Judgment reversed.