The only point decided in this Court is as to the sufficiency of the affidavit upon which the proceeding was based.
The motion was disallowed by the court below, and the defendants appealed.
Spiers v. Halstead, 71 N.C. 209, is decisive of this case. To support an attachment against the property of the defendant it should appear by affidavit, not only that the defendant is not a resident of this State, but that he has property within the State. C. C. P., sec. 83.
In this case the affidavit states only the nonresidence of the defendants, and does not state that they have property within the State.
It is true that the order of publication and the warrant of attachment both recite that the affidavit does over that the defendants have property in the State; but then there is the affidavit to speak for itself, and it is for the court to see that it avers no such thing.
(334) Again, the plaintiff says that there might have been an unwritten
affidavit which warranted the aforesaid recitals. If that were so, still an unwritten affidavit would not support the attachment; or rather it is more proper to say that there is no such thing as an unwritten
affidavit. An affidavit is a "sworn statement in writing." Bouvier and Webster's dictionaries. Therefore, the affidavit in the record is our guide, and that is insufficient.
The motion to vacate the attachment ought to have been allowed.
PER CURIAM. Reversed.
Cited: Bacon v. Johnson, 110 N.C. 117.
Overruled: Parks v. Adams, 113 N.C. 476; Foushee v. Owens, 122 N.C. 363. *Page 247