RICHARD C. WINDLEY v. THOMAS D. BRADWAY and SARAH A. PETITT.

*Attachment—Affidavit—Sufficiency of.*

An affidavit upon which a warrant of attachment is based must be in writing, and must show that the defendant is " a non-resident and has property in this State."

(*Spiers* v. *Halstead, Haines & Co.*, 71 N. C. 209, cited and approved.)

MOTION to vacate an Order of Attachment, heard at Chambers on the 21st of December, 1876, before *Moore, J.*

The only point decided in this Court is, as to the sufficiency of the affidavit upon which the proceeding was based.

The motion was disallowed by the Court below, and the defendants appealed.

*Messrs. Geo. H. Brown, Jr.*, and *John A. Moore*, for plaintiff.

*Messrs. Busbee & Bushee*, for defendants.

READE, J. *Spiers* v. *Halstead, Haines & Co.*, 71 N. C. 209, is decisive of this case. To support an attachment against the property of the defendant it should appear by affidavit, not only that the defendant is not a resident of this State, but that he has property within the State, C, C. P. § 83.

In this case the affidavit states only the non-residence of the defendants, and does not state that they have property within the State.

It is true that the order of publication and the warrant of attachment both recite that the affidavit does aver that the defendants have property in the State ; but then there is the affidavit to speak for itself, and it is for the Court to see that it avers no such thing.

Again, the plaintiff says that there might have been an unwritten affidavit which warranted the aforesaid recitals. If that were so, still, an unwritten affidavit would not support the attachment; or rather it is more proper to say, that there is no such thing as an *unwritten* affidavit. An affidavit is a "sworn statement in writing." Bouvier and Webster's Dictionaries. Therefore the affidavit in the record is our guide, and that is insufficient.

There is error. The motion to vacate the attachment ought to have been allowed, and it is allowed.

PER CURIAM.                    Judgment reversed.