MALCOLM FAULK v. WARREN J. SMITH.

*Attachment—Order of Publication.*

An affidavit in attachment proceedings which fails to show that defendant " cannot after due diligence be found in this state," does not warrant an order of publication.

(*Wheeler* v. *Cobb*, 75 N. C., 21, cited and approved.)

MOTION to vacate attachment heard on appeal at Spring Term, 1880, of CUMBERLAND Superior Court, before *Eure, J.*

The motion was allowed, action dismissed, and the plaintiff appealed.

*Mr. N. W. Ray,* for plaintiff
*Messrs. McRae & Broadfoot,* for defendant.

SMITH, C. J. This action was commenced by summons issued by a justice of the peace, and upon the sheriff's return that the defendant was not to be found, the plaintiff gave bond, sued out an attachment and obtained an order of publication upon an affidavit in these words: Malcom Faulk, plaintiff above named, being duly sworn, says:

1. That the defendant, Warren J. Smith, is indebted to plaintiff in the sum of fifty dollars and forty cents on settlement by due bill dated June 3rd, 1879.

2. That the defendant has departed from the state, or keeps himself concealed therein to avoid the service of a summons with intent to defraud his creditors.

3. That the defendant has an interest in property in this state which the plaintiff is informed and believes he is about to assign or dispose of with intent to defraud his creditors. (Sworn to and subscribed on the 30th of July, 1879.)

Publication was accordingly made, copies of the summons and order of publication transmitted by mail to the defendant at Hempstead, Texas, his supposed place of residence, and the warrant of attachment returned with the sheriff's endorsement of his levy, for want of goods and chattels, upon certain real estate of the defendant, particularly described.

At the hearing the defendant's attorneys, who appeared for that special purpose only, moved to vacate the warrant of attachment, which being refused and judgment rendered against the defendant, they appealed to the superior court.

On the trial in the superior court, several causes are assigned in support of the motion to vacate, only one of which do we deem it necessary to notice—the insufficiency of the affidavit to warrant an order of publication, in that it fails

FAULK *v.* SMITH.

to show that the defendant " cannot after due diligence be found within the state."

This averment or its essential equivalent is a prerequisite to an order of publication, the effect of which is to bring an absent debtor before the court and subject his property to condemnation and sale for his debt.    As it is a statutory substitute for personal service of process, the requirement of the statute must be strictly pursued.   " Everything necessary to dispense with personal service of the summons," says BYNUM, J., in *Wheeler* v. *Cobb*, 75 N. C., 21, " must appear by affidavit."

The only allegation of the plaintiff is that " the defendant has departed from this state or keeps himself concealed therein to avoid the service of a summons with intent to defraud his creditors."   It may be consistently with his averment that his place of concealment could by reasonable efforts have been discovered and process personally served, and it does not appear from the affidavit that due diligence has been used to find out where he is.

While, then, the affidavit is sufficient to obtain the warrant of attachment, it falls short of the demands of the statute to bring the defendant before the court.   As the objection is fatal to the prosecution of the action, it must be equally so as to the attachment which is ancillary and dependent upon it.

It must therefore be declared there is no error in the record and the judgment dismissing the action is affirmed.

No error.                                   Affirmed.