SAMUEL BACON et al. v. GREENLEAF JOHNSON et al.

*Process—Service by Publication—Affidavit—When Judge Should Find Facts.*

1. It is essential to the validity of service of summons by publication, that the affidavit upon which the order is to be based should set forth the facts upon which the alleged cause of action is founded, as well as those which disclose the necessity that the non-resident defendant should be made a party, with sufficient particularity to enable the Court to see and determine that there is a sufficient cause of action and defendant is a necessary party thereto.

2. When the purpose is to allege a cause of action against a non-resident, it is necessary to set forth in the affidavit that he has property in the State.

3. Where the Court, in refusing to set aside a judgment by default rendered upon service by publication, stated in its ruling that "no just or reasonable cause has been shown why said judgment should be set aside," it should have found the facts, in order that the correctness of this conclusion might be reviewed upon appeal.

MOTION to set aside judgment, heard at Fall Term, 1891, of CRAVEN Superior Court, before *Bryan, J.*

It appears that the defendants were non-residents of this State when, next before and next after, this action began, on the 18th of February, 1891. The summons was issued against them, and the Sheriff returned the same endorsed, "Not to be found in my county."

Thereupon the attorney of the plaintiffs made his affidavit, the material part of which is as follows:

"That defendants, upon whom service of summons is to be made, cannot, after due diligence, be found within the State of North Carolina, and he is informed and believes they are residents of the State of Maryland; that a cause of action exists against them in favor of plaintiffs, and that they are proper parties to the same, which said action relates to real property in this State, to-wit, specific performance of a

contract to convey a tract of land lying in Craven County; therefore affiant prays that service of summons upon defendants be ordered by publication, as required by law in such cases."

Upon motion of plaintiffs, founded upon this affidavit, the Court made its order directing that publication be made of the summons and notice to defendants in the Newbern *Journal*, a newspaper, for six weeks, requiring them to appear. Such publication was made, and, at Spring Term, 1891, of the Superior Court, the plaintiffs filed their complaint, and, the defendants failing to appear, they obtained judgment by default final for want of answer. At Fall Term, 1891, the defendants' counsel, appearing for the purpose of the motion, moved " to set aside and declare void and irregular" the said judgment, basing his motion upon these grounds—

1. That no service of summons or notice, according to the laws of North Carolina, was made upon the defendants, or any of them.

2. That the pretended service by publication is irregular and fatally defective.

3. That the judgment is inconsistent with the allegations of the complaint and not warranted by the same.

4. That defendants are non-residents of the State of North Carolina, and desire to be allowed to defend the action as is provided in § 220 of *The Code.*

5 That defendants have a good and meritorious defence, both in law and in fact, to said action.

6. That said Court is without jurisdiction to render said judgment on any constructive service of notice.

7. Any and all other defects or irregularities appearing in the record, which may properly be made to appear to the Court.

The Court denied the motion, and gave the following judgment:

"This cause, coming on to be heard at Fall Term, 1891, on motion of defendants to set aside the judgment heretofore rendered, under special appearance of counsel for the defendants for that purpose, upon the ground that the judgment is void and irregular, and that they be allowed to come in and defend the action ; and it being found as a fact by the Court, that on the 18th of February, 1891, the plaintiffs were aware of the residence of defendants ; and the Court further finding as a fact that there was but one affidavit before it (the affidavit of Howard N. Johnson), and no oral testimony being heard ; and the Court further finding from said evidence, to-wit, the record and the said affidavit, that no just or reasonable cause has been shown why the said judgment should be set aside as irregular and void, or that the defendants be allowed to come in and defend said action ; and the Court further finding as a fact that the defendants are nonresidents of this State :

Now, on motion of O. H. Guion, the attorney of record for plaintiffs in this action, the motion of defendants to set aside the judgment, and to be allowed to come in and defend the action under § 220 of *The Code*, are both denied, and the defendants will pay the costs," etc.

From which judgment the defendants appealed.

*Mr. O. H. Guion*, for plaintiffs.
*Mr. W. L. Williams* (by brief), for defendants.

MERRIMON, C. J.—after stating the case : The service of the summons or notice as original process in the action by publication, must be made strictly in accordance with the requirements of the statute (*The Code*, §§ 218, 219). This method of service of process and giving the Court jurisdiction is peculiar, and out of the usual course of procedure. The statute prescribes, with particularity and caution, the cases and causes that must exist and appear by affidavit to the Court in

order that it may be allowed. The Court must see that every prerequisite prescribed exists in any particular case before it grants the order of publication. Otherwise the publication will be unauthorized, irregular and fatally defective, unless in some way such irregularity shall be waived or cured. *Spiers* v. *Halstead,* 71 N. C., 209; *Windley* v. *Bradway,* 77 N. C., 333; *Wheeler* v. *Cobb,* 75 N. C., 21; *Faulk* v. *Smith,* 84 N. C., 501.

The statute cited above, among other things pertinent here, prescribes and requires that in order to obtain an order that service of notice of the action be made by publication, it must appear by affidavit "that a cause of action (exists) against the defendant in respect to whom service is to be made, or that he is a necessary party to an action relating to real property in this State" in a case wherein that party "is a non-resident of this State but has property therein and the Court has jurisdiction of the subject of the action," or that "the subject of the action is real or personal property in this State and the defendant has or claims a lien or interest actual or contingent therein, or the relief demanded consists wholly or partly in excluding the defendant from any lien or interest therein." Such prerequisites must appear, in their substance at least. It is not sufficient to state generally that a cause of action exists against the defendants, or that they are necessary parties to the action. A brief summary of the facts constituting the cause of action, or of the facts showing that the parties are necessary parties to the action, should be stated so that the Court can see and determine that there exists a cause of action, or that the parties are necessary for some appropriate purpose. The party demanding the order shall not be the judge to determine that a cause of action exists, or that the parties sought to be made parties are necessary parties. It is the province and duty of the Court to see the facts and determine the legal question as to whether there is a cause of action or not. Nor is it sufficient to state that the party is a

necessary party to an action to compel specific performance of a contract to convey land in a particular locality. The facts must be stated with sufficient fullness to develop the contract and the relation of the parties to it. Otherwise the party demanding the order will determine that he has a cause of action, while the statute requires the Court to do so upon facts appearing by affidavit. *Claflin* v. *Harrison*, 108 N. C., 157, and the cases cited *supra.*

The affidavit upon which the order of publication was made in this case failed to state the facts on which the plaintiff relied to constitute his cause of action, and other facts to show that the appellants were necessary parties. The Court failed to see and determine upon evidence appearing as required that there was a cause of action, and that the defendants were necessary parties to the action for some proper purpose. Nor did it appear that the defendants had property in this State. This is material when the purpose is to allege a cause of action against the defendant. The order of publication was, therefore, improvidently granted. Publication was not made according to law, and the Court should have set the judgment complained of aside. It does not appear that the irregularity was cured or waived in any way.

We may add also that the Court should have found the facts upon which it founded its conclusion " that no just or reasonable cause has been shown why the said judgment should be set aside as irregular and void, or that the defendants be allowed to come in and defend said action," etc. It may be that the Court erroneously decided that there was no legal cause, and exercised its discretion upon that ground in refusing to allow the appellants to make defence. Whether there was such cause or not is a question of law, and the decision of the Court in that respect is reviewable in this Court. The Court recites in its judgment that it finds from " the record and the said affidavit that no just or reasonable cause has been shown," etc. It should have found the facts

and set them forth in the record, so that its decision of the question of law arising upon the facts might be reviewed. In the absence of demand that the facts be found, it might not be error to fail to set the findings of fact forth in the record. But the contentions of the defendants in this case imply a demand that the facts be found. The Court drew its conclusions from facts not set forth. *Ulley* v. *Peters*, 72 N. C., 525.

There is error. The judgment must be reversed, and further proceedings had in the action according to law.

Error.