## S. D. DAVIS v. RUTH DAVIS.

(Filed 18 February, 1920.)

**1. Divorce—Venue—Jurisdiction—Motions—Removal of Cause.**

The provision of Revisal 1559, that proceedings for divorce shall be returnable to the Court of the county in which the applicant resides is not jurisdictional and may be waived, and the failure therein must be taken advantage of by motion to remove the cause to the proper venue, and not to dismiss.

**2. Summons—Service—Publication—Affidavits—Pleadings—Actions.**

Where the verified complaint in an action has been filed setting up a good cause of action at the time an affidavit for publication of service has been made, the two will be regarded together by the clerk in passing upon the matter, and the omission of the affidavit alone to state a good cause of action is not fatal.

**3. Summons — Publication — Nonresidents— Due Diligence— Not to be Found.**

The fact that the defendant in an action to whom service of summons by publication is sought is a nonresident, is not a sufficient averment in the affidavit, it being necessary to show that after due diligence he cannot be found within the State, without which the process is fatally defective.

**4. Appeal and Error—Summons—Publication—Affidavits—Amendments —Divorce—Case Remanded—Superior Court—Evidence—Jury.**

The Supreme Court has the power to permit an amendment therein to an affidavit made for the publication of a summons; but where the action is for divorce a vinculo, and the defect is in omitting the averment that the defendant cannot after due diligence be found in this State, and it is admitted that the defendant is a nonresident and at the time embraced by the publication, was absent from the State, the Supreme Court may remand the case to the Superior Court to hear and consider the evidence, and the Superior Court Judge, for the purpose of being advised may submit the question to a jury.

APPEAL by plaintiff from *Lyon, J.,* at the September Term, 1919, of BEAUFORT.

This is an appeal from an order setting aside a decree which granted an absolute divorce to the plaintiff.

Upon the hearing of the motion the following facts were found:

1. That on 5 February, 1919, the plaintiff, through his attorney, P. H. Bell, filed with the clerk of this court an affidavit as the basis for an order of publication of summons, which affidavit is in the following form, to wit:

"S. D. Davis, being first duly sworn, says that Ruth Davis is a necessary party defendant to the above entitled action, and further, that the said Ruth Davis is not a resident of the State of North Carolina, and

DAVIS *v.* DAVIS.

prays that an order for publication of notice of said action be granted so that notice may be given as required by law."

That the said affidavit was duly sworn to before a notary public on 30 January, 1919.

2. That contemporaneously with the filing of the said affidavit, to wit, on 5 February, 1919, the complaint setting up and stating a cause of action for divorce, with affidavit in due form accompanying same, was filed with the clerk of this court.

3. That on 5 February, 1919, the clerk of this court made the order of publication appearing in the record.

4. That notice of said action, in the form appearing in the record, was published in the *Washington Daily News,* a daily paper published in Washington, Beaufort County, N. C., the first publication thereof being in the issue of 6 February and the last publication in the issue of 6 March, and meanwhile having appeared in the following issues: 8, 11, 12, 15, 19, 20 February; 1, 3, 4, 5 March; and, therefore, that the said notice appeared at least once each week for four consecutive weeks, the last publication being more than thirty days before the first day of the April Term, 1919, of the Superior Court of Beaufort County, which first day was 7 April, 1919.

5. That at the time of bringing the suit the plaintiff had been a resident of the State of North Carolina for more than two years, and while not a resident of the county of Beaufort, that in the selection of the said county as the venue of the action he was acting in good faith, without purpose to take any advantage of the defendant, and that such venue was selected by his attorney in good faith and to expedite the trial and determination of the case.

That at the time of bringing of the action, and at all times material to the controversy, the defendant was not a resident of this State, and has never been in this State, nor was she ever in the State until after the judgment was rendered in this action, but was in the State of Oklahoma.

6. That the defendant did not appear in the action, nor was any motion made on her behalf for a change of venue.

7. That the movant abandons the averment that the plaintiff had not been a resident of the State of North Carolina for two years prior to the commencement of the action, and the jury so found in its verdict.

8. That the jury found, as appears in the record, that defendant, as alleged in the complaint, had committed adultery while the wife of the plaintiff; that the plaintiff is a man of good repute, a minister of the gospel, prominent among his race, and respected by both races, and that since said judgment was rendered he has remarried, and that the woman whom he married last is now with child. That he has the custody and support of the children begotten of the defendant by him.

It was also admitted that at the time the affidavit was filed with the clerk of the Superior Court of Beaufort County as the basis for the order of publication said clerk has no knowledge as to whether the defendant was in North Carolina, or otherwise, except as contained in the affidavit.

The motion to set aside the decree was on the ground:

1. That as the plaintiff was a resident of Wilson County when the action was commenced, the Superior Court of Beaufort County was without jurisdiction.

2. That the affidavit on which the order of publication was based is fatally defective for that it does not allege facts showing that the plaintiff has a cause of action.

3. That said affidavit is also defective because it fails to allege that the defendant could not, after due diligence, be found in this State.

The motion was allowed and the plaintiff excepted and appealed.

*Ward & Grimes and Small, MacLean, Bragaw & Rodman for plaintiff.*
*W. A. Lucas and Wiley C. Rodman for defendant.*

ALLEN, J. The first objection of the defendant to the validity and regularity of the decree of divorce is based on section 1559 of Revisal, which provides that "In all proceedings for divorce the summons shall be returnable to the court of the county in which the applicant resides," the defendant contending that this is jurisdictional.

It is evident that the General Assembly did not so intend because it placed the section under the title of venue and not of jurisdiction, and nothing appears to show the purpose to take an action for divorce out of the general principle, which prevails, that any action brought in the wrong county may be removed instead of dismissing it, and that a failure to make the motion for removal is a waiver of the objection to the county in which it is brought.

In section 419 of the Revisal it is declared that actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, and then follows the enumeration of certain causes of action, and the same language is used in section 420 in regard to certain actions.

In the following sections, 421, 422, and 423, provision is made for the trial of actions upon official bonds, domestic corporations, and foreign corporations, and then follows section 424 providing for the place of trial "in all other cases," thus showing a clear purpose to establish the venue of all actions, including divorce, and then the rule is laid down in section 425 applicable to all actions that, "If the county designated for that purpose in the summons and complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant,

before the time of answering expires, demand in writing that the trial be had in the proper county, and the place of trial be thereupon changed by consent of parties, or by order of the court."

It has been held repeatedly that these statutes relate to venue and not jurisdiction, and that if an action is brought in the wrong county it should be removed to the right county, and not dismissed, if the motion is made in apt time, and if not so made, that the objection is waived, and we do not think that section 1559 was intended to change this principle or that it has any such effect.

The second objection would be well taken if the plaintiff relied alone on the affidavit set out in the findings of fact, because section 442 of the Revisal requires it to be shown by affidavit that a cause of action exists before an order for the service of a summons by publication can be made and the facts constituting a cause of action are not stated in the affidavit, but it appears that at the time of filing the affidavit for publication, and before the order was made, the plaintiff filed his complaint, duly verified, stating a cause of action, and that both papers were before the clerk at the same time, which is, in our opinion, a compliance with the statute, as the complaint properly verified was also an affidavit.

The third objection must be sustained.

*Wheeler v. Cobb,* 75 N. C., 21, which is approved in *Faulk v. Smith,* 84 N. C., 503, is directly in point.

In that case it was held that an affidavit, filed to procure an order of publication, which stated that the defendant was a nonresident, was fatally defective because of failure to allege that the defendant could not, after due diligence, be found within the State, and the Court held that the defendant in that case was in fact a nonresident, which are identical with the facts in this record.

*Bynum, J.,* speaking for the Court, says: "The service of summons by publication is fatally defective, in that it does not conform to the requirements of the statute. The foundation and first step of service by publication is an affidavit that 'the person on whom the summons is to be served cannot, after due diligence, be found *within the State.'* Bat. Rev., ch. 17, sec. 83. This requirement was omitted in the affidavit, why, it is hard to conceive, as it was made by the attorney himself, who, as a prudent practitioner, should have had the statute before him in drafting the affidavit. For this Court had repeatedly held that the provisions of this statute must be strictly followed. *Spiers v. Halstead,* 71 N. C., 210. Everything necessary to dispense with personal service of the summons must appear by affidavit. The mere issuing of a summons to the sheriff of the county of Pasquotank, and his endorsement upon it the same day after it came to hand, that 'the defendant is not found in my county,' is no compliance whatever with the law; for it might well be

DAVIS *v.* DAVIS.

that the defendant was at that time in some other county in the State, and that the plaintiff knew it, or by due diligence could have known it, and make upon the defendant a personal service of the summons. Every principle of law requires that this personal service should be made, if compatible with reasonable diligence."

The same principle was declared in *Sheldon v. Kivett,* 110 N. C., 408, in which *Clark, J.,* says of an affidavit, which alleged nonresidence but omitted to state that the defendant could not after due diligence be found within the State, "the original affidavit was defective in the particulars in which it was amended."

It was also held by the Circuit Court of Appeals, in *Flynt v. Coffin,* 176 Fed., 872, in an opinion by *Goff, J.,* concurred in by *Waddill* and *Connor, JJ.,* that "Under Revisal, N. C., 1905, sec 442, which in certain cases authorizes the making of an order for service of process on a defendant by publication, where it is made to appear by affidavit to the satisfaction of the court that such defendant 'cannot, after due diligence, be found within the State,' as construed by the Supreme Court of the State, an affidavit alleging or showing due diligence and that defendant cannot be found within the State is an essential condition precedent to a valid service by publication, and an affidavit in an attachment suit which merely alleges that defendants are residents of another State, and cannot be found within the State, but fails to show any diligence or search whatever, is fatally defective, and a publication based thereon does not give the court jurisdiction."

The reason for thus holding is that the statute requires an affidavit to be filed stating that the defendant cannot, after due diligence, be found in the State before an order for publication can be made, and an allegation of nonresident is not the equivalent of an allegation of diligence, as many nonresidents spend many months in the State, and can, with proper diligence, be served personally.

We would therefore affirm the judgment upon the record made in the Superior Court, but the plaintiff moves here to be allowed to amend his affidavit.

It is held in *Kivett v. Sheldon, supra,* that the power to amend an affidavit for publication in the particular in which the one before us is defective, exists in the Superior Court, and in *Robeson v. Hodges,* 105 N. C., 50, that, "This Court has the power to make amendments or to remand the case that they may be made in the court below (The Code, par. 965), but only to the same extent and in such cases as the Superior Court could allow amendment."

If, however, there was no authoritative decision on the question, the Revisal, sec. 1545, is clear that the Supreme Court has the power to amend any process, pleading, or proceeding in form or substance, or to

remand in order that the amendment may be made in the Superior Court, if, upon a full development of the facts it appears to be proper and just for it to be done, and this is a proper case for the exercise of the power in one way or the other, as it appears from the findings of fact that the plaintiff is a man of good character; that he was acting in good faith; that the application for publication was drawn by his attorney; that the defendant had never been in the State, and could not have been found therein; and that the plaintiff, relying upon the decree, has since married and has a child by his second wife.

This makes out a strong case for the plaintiff, and one which would justify the exercise of the power of amendment at once in his behalf, but it must be kept in mind that the defendant has had no opportunity to be heard on the allegations of the complaint, and that the verdict and decree convict her of adultery, and that we have no means of investigating the truth of this charge, while in the Superior Court additional evidence may be heard, and the court can, for the purpose of being advised as to the facts, submit the question to a jury.

We therefore conclude that the motion to amend should be considered, and in order that both parties may have full opportunity to introduce evidence and to present their several contentions, that the motion should be referred to the Superior Court to be heard and passed on as if originally made therein, and to that end the cause is remanded to the Superior Court.

Remanded.