COUNTY SAVINGS BANK OF ABBEVILLE, S. C., v. T. P. TOLBERT ET AL.

(Filed 9 June, 1926.)

**1. Attachment—Courts—Jurisdiction—Affidavit.**

Where in proceedings for attachment, it sufficiently appears of record that the court had jurisdiction of the subject-matter, it is unnecessary that the affidavit of the attaching creditors specifically allege its jurisdiction. C. S.. 484, 799.

**2. Deeds and Conveyances — Registration — Vendor and Purchaser — Statutes—Probate—Notice—Creditors.**

While a defective probate of a deed to lands appearing upon its face is ineffectual to pass title as against creditors, etc., it is otherwise when the probate appears to have been in conformity with law, regularly taken by a notary public in South Carolina, and there is no evidence that the grantee in the commissioner's deed under the foreclosure of a mortgage had actual notice of the defect. C. S., 3294, 3311.

**3. Same—Knowledge—Defective Probate—Burden of Proof.**

The burden of proof is on a creditor claiming a priority of lien by judgment over a purchaser at a foreclosure sale under a mortgage by reason of the purchaser's knowledge of a defective probate of the mortgage not appearing thereon in the office of the register of deeds, to show such knowledge.

**4. Same—Notaries Public of Other States.**

> While a probate of a mortgage taken in this State by a notary public of another state is defective, the purchaser at the mortgage sale will acquire by his deed the title as against a subsequent judgment creditor, when the probate appears of record in the office of the register of deeds in the county wherein the land is situate here to have been regularly taken in South Carolina, and there is no evidence that such purchaser had knowledge of the defect at or before the time he acquired his deed. This being an action for possession only, as to whether the purchaser at a mortgage sale has a right to redeem under the circumstances, *quære,* the same not presented in the instant case.

APPEAL by defendant from *Bryson, J.,* at October Term, 1925, of JACKSON. Reversed.

Action for possession of land. Plaintiff and defendant, both, claim title to the land in controversy from R. R. Tolbert, Jr., as the common source of their respective titles. The land is located in Jackson County, North Carolina.

Plaintiff claims immediately under deed from R. E. Cox and wife, dated 4 April, 1924, and duly recorded on said date. On 4 June, 1923, N. L. Sutton, sheriff of Jackson County, sold the land under an execution in his hands issued upon a judgment of the Superior Court of Jackson County, rendered in an action therein pending, instituted by County Savings Bank of Abbeville, S. C., as plaintiff against R. R. Tolbert, Jr., as defendant; the summons in said action, dated 30 October, 1922, was served by publication, upon said defendant, who was a non-resident of the State of North Carolina, but who had property in North Carolina; a warrant of attachment issued in said action was levied upon the land in controversy as the property of R. R. Tolbert, Jr. It was adjudged in said action that plaintiff recover of defendant the sum of $5,556.91, interest and costs, and that said judgment was a specific lien upon the land in controversy, by virtue of the attachment levied thereon. Under the execution issued on said judgment, the sheriff of Jackson County sold the said land, and by deed dated and recorded on 4 June, 1923, conveyed the same to R. E. Cox, the purchaser, at said execution sale.

Plaintiff contends that by virtue of said deeds, to wit, the deed of the sheriff to R. E. Cox and of R. E. Cox and wife to plaintiff, plaintiff is now the owner of all the right, title and estate of R. R. Tolbert, Jr., in and to said land, owned by him on 30 October, 1922, the date on which the attachment was levied therein in the action entitled "County Savings Bank v. R. R. Tolbert, Jr."

Defendant claims immediately under deed from Walter E. Moore, commissioner, dated 26 November, 1923, and duly recorded on said date. This deed was executed by the said commissioner, by virtue of a

decree made by the Superior Court of Jackson County, in an action entitled, "T. P. Tolbert *v.* R. R. Tolbert, Jr.," confirming the sale of said land, made on 5 November, 1923, at which defendant was the purchaser. This action was begun on 28 June, 1923, for the purpose of foreclosing a mortgage executed by R. R. Tolbert, Jr., to T. P. Tolbert, dated 13 June, 1922. The execution of said mortgage, was probated by a notary public of South Carolina on 13 June, 1922. The certificate of said notary public was adjudged by the clerk of the Superior Court of Jackson County to be correct and according to law; the mortgage, with the certificates of the notary public and of the clerk of the Superior Court of Jackson County were recorded in the office of the register of deeds of said county, on 19 September, 1922, in Book 87 at page 474.

Defendant contends that by virtue of said mortgage, recorded on 19 September, 1922—prior to the date on which the attachment under which plaintiff claims was levied upon said land: to wit, 30 October, 1922—and by virtue of the judgment and decrees in the action, entitled "T. P. Tolbert *v.* R. R. Tolbert, Jr." and of the deed of the commissioner conveying the land to him, his title to said land is prior to the title of plaintiff, and that, therefore, plaintiff is not entitled to recover of him possession of said land.

It is admitted, upon the record, that the mortgage, under which defendant claims, was executed in Asheville, North Carolina; that its execution was proven by a subscribing witness thereto before a notary public of South Carolina, in said city; that the certificate of said notary public was attached thereto in said city; and that the said mortgage was ordered to registration and registered in Jackson County, upon the certificate of said notary public. Plaintiff contends that for this reason the registration of the said mortgage was void and of no effect as to it, an attaching creditor, and subsequent purchaser for value.

The note secured by the said mortgage, and the mortgage purport, each on its face, to have been executed in South Carolina; the certificate of the notary public of South Carolina shows, upon its face, that it was signed by said notary public in said state. There is nothing on the face of the note, the mortgage, or the certificate as to its probate, which shows that it was executed or probated in North Carolina.

Upon the foregoing facts, established by the undisputed evidence, offered at the trial, the court was of the opinion that only questions of law were presented to the court for its decision, in order that a judgment might be rendered herein, determining the rights of the parties with respect to the possession of the land described in the complaint; that as there was no controversy as to the facts, it was not necessary that issues be submitted to the jury. Counsel for both plaintiff

and defendant, concurred in this opinion. Thereupon, in accordance with the opinion of the court, as to the law applicable to the admitted facts, judgment was rendered that plaintiff recover of defendant possession of the land described in the complaint. It was ordered that the action be retained on the docket that issues as to damages sustained by plaintiff on account of the wrongful possession of the land by defendant, might hereafter be submitted to the jury.

From this judgment, defendant appealed.

*J. M. Nichols, Morgan & Ward and Alley & Alley for plaintiff.*
*Brooks, Parker & Smith, Walter E. Moore and Mays & Featherstone for defendant.*

CONNOR, J. Defendant, by his appeal, presents two questions:

1. Were the affidavits upon which the orders were made for the publication of summons, and for the issuance of the warrant of attachment, in the action entitled, "County Savings Bank v. R. R. Tolbert, Jr.," sufficient to support said orders? We find no error in the holding of the court that the affidavits were sufficient, and that therefore, by virtue of the deeds under which it claims title to said land, plaintiff is the owner of all the right, title and estate of R. R. Tolbert, Jr., in and to said land at the date of the levying of the attachment, to wit, 30 October, 1922. It was not alleged specifically in said affidavits that "the Superior Court of Jackson County has jurisdiction of the subject of the action." There is no requirement in C. S., 484, or in C. S., 799, that such allegation shall be made specifically in the affidavit. In this case the jurisdiction of the court, as to the subject of the action, appeared from the facts alleged in the affidavits, and in the complaint, which was on file at the time the orders are made. This was sufficient, *Page v. McDonald,* 159 N. C., 43; *Bacon v. Johnson,* 110 N. C., 114; *Davis v. Davis,* 179 N. C., 185.

2. Was the registration of the mortgage from R. R. Tolbert, Jr., to T. P. Tolbert, under which defendant claims title to the land, void and of no effect, as against plaintiff, because the probate of the execution of the mortgage was in fact taken in North Carolina, by a notary public of South Carolina, this fact not appearing on the face of the certificate or in the mortgage?

C. S., 3294, provides that the execution of all such instruments and writings as are permitted or required by law to be registered may be proved or acknowledged before any notary public of any state or territory of the United States. If, in fact, as appears upon the face of the certificate, the probate of the execution of the mortgage in question had been taken in the State of South Carolina, by a notary public of

9—192

that State, the said certificate having been adjudged by the clerk of the Superior Court of Jackson County to be correct and according to law, the registration of the mortgage would have been valid. The mortgage, thus registered would have passed the property conveyed thereby, not only as against the mortgagor, but also as against his creditors, whose liens, and as against purchasers for value from him, whose titles were thereafter acquired. C. S., 3311. The purpose of the statute which provides that "no deed of trust or mortgage of real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, but from the registration of such deed of trust or mortgage in the county where the land lies," is to protect creditors and such purchasers by giving them notice, upon the public records, of all facts affecting the title to property of others in which they have or may have an interest, *Smith v. Fuller,* 152 N. C., 7. It is well settled by repeated decisions of this Court that registration of a mortgage, upon proper probate, is notice to all persons of the existence of the mortgage, and of the right, title and estate in the property conveyed thereby of those who claim under the mortgage, duly registered; no notice, however full and formal, from any source other than the public registry will be held to affect the rights of creditors or purchasers for value, who may rely, under the policy of the law in this State, as evidenced by statutes and judicial decision, upon the valid registration of deeds and mortgages.

There are many decisions of this Court, however, in which it is held that a registration upon a defective probate is invalid and of no effect as to creditors or subsequent purchasers for value. It will be seen upon an examination of these decisions, that in each case the defect in the probate was apparent on the record, and that this fact is noted in the opinion of the Court. *Fibre Co. v. Cozad,* 183 N. C., 600; *Wood v. Lewey,* 153 N. C., 402; *Allen v. Burch,* 142 N. C., 525; *Lance v. Tainter,* 137 N. C., 250; *Land Co. v. Jennett,* 128 N. C., 4; *McAllister v. Purcell,* 124 N. C., 262; *Bernhardt v. Brown,* 122 N. C., 589; *Long v. Crews,* 113 N. C., 256; *White v. Connelly,* 105 N. C., 66; *Todd v. Outlaw,* 79 N. C., 235; *DeCourcy v. Barr,* 45 N. C., 181.

The identical question presented by this appeal has been considered and decided by this Court. In *Blanton v. Bostic,* 126 N. C., 419, it is said, "If the disqualification of either the probating or acknowledging officer appears upon the face of the record, the registration is a nullity as to subsequent purchasers and incumbrances. *Quinnerly v. Quinnerly,* 114 N. C., 145. But when the incapacity of the acknowledging or probating officer is latent, *i. e.,* does not appear upon the record, one who takes under the grantee in such instrument gets a good title, unless

the party claiming the benefit of the defective acknowledgment or probate is cognizant of the facts." See cases cited in the opinion of *Clark, J.,* and also *Guano Co. v. Walston,* 187 N. C., 667.

In *Spruce Co. v. Hunnicutt,* 166 N. C., 202, *Allen, J.,* cites with approval *Blanton v. Bostic, supra,* and says: "It is well settled that where the incapacity of an officer who takes a probate does not appear on the record, as in this case, one who takes under the grantee gets a good title." *Bailey v. Hassell,* 184 N. C., 450; *Ferebee v. Sawyer,* 167 N. C., 199. See note to *Woolridge v. LaCrosse Lumber Co.* (Mo.), 19 A. L. R., 1068.

The defect relied upon by plaintiff does not appear upon the record; it is not found or admitted as a fact that defendant had notice of such defect. The burden was upon plaintiff to show actual knowledge by defendant of the defect. There was error in holding that the registration of the mortgage was not valid, and for this error the judgment must be reversed.

It may be noted that the action to foreclose the mortgage from R. R. Tolbert, Jr., to T. P. Tolbert was begun on 28 June, 1923, and decree confirming sale of the land by the commissioner was returned on 28 November, 1923. The attachment under which plaintiff claims was levied on 30 October, 1922. The sheriff's deed, pursuant to sale of the land under execution, to R. E. Cox was recorded on 4 June, 1923. It does not appear from the record that plaintiff or the grantor, R. E. Cox, was a party to the action to foreclose the mortgage. This is an action for the possession of the land. Upon the admitted facts, plaintiff is not entitled to recover such possession of defendant. It does not follow, however, that plaintiff may not be entitled to redeem the land. *Jones v. Williams,* 155 N. C., 179. The judgment must be

Reversed.