FRANCES MARTIN v. ULYSSES MARTIN ET AL.

(Filed 20 September, 1933.)

**1. Process B c—Affidavit for service by publication must show cause of action against defendant and that he has property in this State.**

In order to a valid service by publication it is required that the statutory affidavit, besides showing that the defendant cannot be found in the State after due diligence, must show that a cause of action exists against such defendant or that he is a proper party to an action involving real estate, and that such defendant has property in this State and the court has jurisdiction. C. S., 484.

**2. Same—Defective affidavit for service by publication may be aided by verified complaint filed simultaneously.**

Where the statutory affidavit filed upon motion for service of a defendant by publication is deficient in that it fails to state the cause of action against such defendant with sufficient definiteness, and fails to aver that the defendant has property in this State, plaintiff's verified complaint, filed at the time of the affidavit may be considered as an affidavit upon which such process may issue where the defects of the affidavit are supplied by the complaint, and a complaint in an action to set aside a deed to the defendant for condition broken sufficiently alleges that defendant owned property in this State, although the complaint alleges that plaintiffs were the owners of such property, the title to such property remaining in defendant until the deed is set aside.

**3. Judgments D a—Plaintiffs held not entitled to judgment by default final against one defendant, the other defendant's rights intervening.**

Where action is instituted against a husband and his wife to set aside a deed made to the husband on the ground that the deed failed, through mutual mistake of the parties, to contain a provision that the grantee should support and maintain the grantors for their lives, and that the condition had been broken, and the husband is served by publication, and it appears that the wife had obtained an order for alimony and counsel fees in her action against her husband for divorce, and had had a commissioner appointed to sell the land upon the husband's failure to comply with the order: *Held*, plaintiffs would not be entitled to a judgment by default final against the husband upon his failure to answer the complaint after due service by publication, it appearing that the wife would suffer serious disadvantage if it should be determined that the husband had no interest in the land at the time of the institution of the action, or if there was collusion between plaintiffs and the husband.

APPEAL by plaintiff from *Parker, J.,* at February Term, 1933, of BEAUFORT. Error.

*P. H. Bell for appellant.*
*Harry McMullan for appellee.*

ADAMS, J. On 23 October, 1926, Joseph Martin and his wife Frances, holding title to land as tenants by the entirety, executed and delivered

to their son Ulysses Martin a deed which purported to convey their interest in the premises. Thereafter the grantee's wife brought suit against him for absolute divorce and in 1929 obtained an order for alimony and an allowance as a fee for her attorney. Upon the husband's failure to comply with the order the court appointed a commissioner to advertise and sell the land described in the grantee's deed. A few days afterwards Joseph Martin and his wife instituted an action against Ulysses Martin, his wife Louvenia Martin, and the commissioner appointed by the court, for the purpose of reforming and canceling their deed, alleging that as a condition precedent to its execution Ulysses Martin agreed to provide them with food, raiment, and "all necessaries" as long as they lived; that he had failed to comply with his agreement; that the condition had been left out of the deed by the mistake of the draftsman and the mutual mistake of the parties; and that Louvenia Martin had knowledge of these facts.

For the purpose of serving Ulysses Martin with summons, Joseph Martin made an affidavit that he had instituted an action against the defendants, that Ulysses was a nonresident of the State and a necessary party to the action, that summons had been issued and returned by the sheriff with the endorsement that Ulysses Martin was not to be found in Beaufort County, and that after due diligence he could not be found in the State of North Carolina. Pursuant to this affidavit the clerk of the Superior Court "ordered and adjudged that notice of said action be given by publication as in such cases allowed and prescribed by law." The notice was published. Thereafter Joseph Martin died and his widow, the present plaintiff, prosecuted the action in her own right as surviving tenant.

At the close of her testimony the plaintiff made a motion for judgment by default final against Ulysses Martin on the ground that he had not filed an answer to the complaint. The court denied the motion, holding that there had been no valid service of the summons by publication on Ulysses Martin, and adjudged that as to him the action be dismissed. The plaintiff excepted and appealed.

The judgment sets forth as the two fatal defects in the affidavit the absence or omission of a statement of the cause of action and of an averment that the defendant has property in North Carolina.

It is provided by statute that where the person on whom the service of summons is to be made cannot after due diligence be found in the State and that fact satisfactorily appears by affidavit, and that it appears in like manner that a cause of action exists against the defendant in respect to whom service is to be made, or that he is a proper party to an action relating to real property in this State, the court may grant an order that service be made by publication . . . "where

the defendant is not a resident but has property in this State and the court has jurisdiction of the subject of the action." C. S., 484.

Unless these provisions are observed the service of a summons by publication in such cases will be ineffective. Not only must it be shown that the defendant has property in this State; the cause of action must be stated with such clearness and comprehension as may enable the court to determine its sufficiency. *Spiers v. Halstead,* 71 N. C., 209; *Bacon v. Johnson,* 110 N. C., 114. The affidavit of Joseph Martin, upon which the order of publication of the summons is based, contains neither of these requisites and is consequently defective. But it is suggested in *Bacon v. Johnson* that the defect may be cured; and in later cases it has been held that if a verified complaint containing the necessary allegations be filed simultaneously with the affidavit, the complaint may be treated as an amendment or complement which cures the defect. *Davis v. Davis,* 179 N. C., 185; *Bank v. Tolbert,* 192 N. C., 126.

The record shows that the affidavit and the verified complaint bear the same date and were on file when the clerk signed the order directing publication of the summons and that the plaintiffs requested the court to consider the complaint as an affidavit upon which process should be issued. The complaint sets out a cause of action: the execution and delivery of the deed to the defendant Ulysses Martin, the condition upon which it was executed, the omission of the condition from the deed by the mistake of the draftsman and the mutual mistake of the parties, and its breach by the grantee. As between the plaintiff and this defendant the title remains in the latter until the deed is set aside; the mere allegation that the plaintiffs were the owners of the land is not conclusive. The complaint, therefore, contains a sufficient allegation that Ulysses Martin has property in this State.

There was error in dismissing the action; but it does not necessarily follow that the plaintiff is entitled to judgment by default. The record does not contain all the pleadings and we are not permitted to consider the defenses referred to in the brief of the appellees. If it is established, as the brief of the appellees intimates, that Ulysses Martin had no interest in the land when this action was instituted the plaintiff would derive no benefit from a judgment by default and Louvenia Martin might suffer a serious disadvantage. So, likewise, if in fact there was collusion between the plaintiff and her son. *Carraway v. Stancill,* 137 N. C., 472.

It may be noted that *Branch v. Frank,* 81 N. C., 180, *Parks v. Adams,* 113 N. C., 473, and *Foushee v. Owen,* 122 N. C., 360, cited in the plaintiff's brief apply to affidavits in attachment. These cases point out the inadvertent statement in *Spiers v. Halstead,* 71 N. C., 209 and *Windley v. Bradway,* 77 N. C., 333.

Error.