THE BOARD OF COMMISSIONERS OF ROXBORO v. MAGGIE BUMPASS, ELSIE BUMPASS, L. M. CARLTON, TRUSTEE, AND PERSON COUNTY, ORIGINAL DEFENDANTS, ROXBORO BUILDING & LOAN ASSOCIATION, T. F. DAVIS, TRUSTEE, JOHN D. CLAY AND WIFE, GERTRUDE M. CLAY, ALSTON B. CLAY AND MRS. ALSTON B. CLAY AND DEE A. CLAY, INTERVENORS, AND HUBERT LUNSFORD, ADDITIONAL DEFENDANT.

(Filed 2 February, 1951.)

**1. Taxation § 40c—**

The owner of the remainder subject to a life estate is a necessary party in an action to foreclose a tax lien under G.S. 105-414.

**2. Same: Process § 6—**

Service of process by publication is in derogation of the common law and every statutory prerequisite must be observed. G.S. 1-98, G.S. 105-391.

**3. Same—**

The affidavit sufficient in form to support an order for service by publication is jurisdictional, and the affidavit must state the cause of action with

sufficient particularity to disclose its nature and to enable the court to determine its sufficiency, G.S. 1-98.

**4. Same—**

Failure of the affidavit for service by publication to state the cause of action cannot be cured by the complaint filed in the action when the affidavit and complaint are not filed simultaneously and it appears affirmatively that the complaint was not considered as the basis of the clerk's findings. Whether a complaint which does not mention the remainderman in its body and is ambiguous in setting out her interest, states a cause of action against her in a tax foreclosure, G.S. 105-414, *quære?*

**5. Taxation § 40g—**

A remainderman who has been served only by publication based upon a fatally defective affidavit, may attack the tax foreclosure more than one year afterward since neither G.S. 105-393, nor any statute of limitations can bar the right to attack a judgment for want of jurisdiction.

**6. Constitutional Law § 21: Judgments § 18—**

Notice and an opportunity to be heard are prerequisites of jurisdiction, and jurisdiction is prerequisite to a valid judgment.

**7. Judgments § 27b—**

No statute of limitations can bar the right of a litigant to attack a judgment on the ground that he had not been served with summons or brought into court in any manner sanctioned by law.

Appeal by movant Elsie Bumpass Doggett from *Hatch, Special Judge,* September Special Term 1950, Person. Reversed.

Civil action to foreclose tax lien, heard on motion of Elsie Bumpass Doggett and her husband to vacate the decree of confirmation and the deed executed pursuant thereto.

On 18 December 1919, William Bumpass conveyed the land described in the complaint to Maggie Bumpass, his wife, for life, with remainder in fee to his daughter, Elsie Bumpass, by deed duly recorded in Person County 9 February 1920.

During the years 1934 to 1941, both inclusive, the property was carried on the tax books of the town of Roxboro under the name "William Bumpass' estate." Taxes assessed for said years being in default, plaintiff, on 29 September 1942, instituted this action under G.S. 105-414 to foreclose its tax lien on said property.

*Feme* movant's maiden name appears in the caption to the action but it nowhere appears in the complaint. It is not alleged that she is the owner of a remainder interest in the property, and it nowhere appears, save from the mere description of the property itself, that the action is to foreclose a tax lien on property of which the *feme* movant is the owner,

subject to the life estate of Maggie Bumpass. The nearest approach to an allegation of that type is as follows:

"6. That the defendant(s)............. ..... ............... claim interest in said property as mortgagee
                    trustee
                    owners."

On 1 October 1942, the sheriff of the county returned the original summons endorsed "Elsie Bumpass NOT TO BE FOUND in Person County."

On 15 October 1942, the plaintiff filed with the clerk an affidavit for publication of summons in which it is stated that "Elsie Bumpass cannot be found in Person County, a diligent search has been made and the plaintiff is unable to locate the said defendant, Elsie Bumpass, in the State of North Carolina." No reference is made therein to the existence of a cause of action or the nature thereof.

On the said date the clerk entered an order of publication reciting that said defendant, after due diligence, cannot be found in the State and "It appearing . . . from the affidavit of the plaintiff . . . that a cause of action exists in favor of the plaintiff against the said defendant, Elsie Bumpass, and it further appearing from said affidavit that 'the subject of the action is real property in this state, and the defendant, Elsie Bumpass, has or claims, or the relief demanded consists wholly or in part in excluding her from any actual or contingent liens or interest therein.' " Pursuant to said order, notice of the action was duly published.

On 7 December 1942 the clerk entered judgment by default in the sum of $48.34 with penalties and appointed a commissioner to make sale. The property was sold, after statutory advertisement, and the sale thereof was reported to and confirmed by the clerk. The commissioner executed deed as directed in the decree of confirmation.

The property, worth at the time about $2,000, sold for $425.

Elsie Bumpass, on 29 May 1928, married J. W. Doggett and since that time has resided in Guilford County. Since her marriage she has visited her stepmother, her uncles, and cousins living in Roxboro about once a month and is well known in Person County.

On or about 2 April 1949, she and her husband made a special appearance before the clerk and moved to vacate the decree of confirmation and the commissioner's deed executed pursuant thereto, in so far as they affect her title to the premises, for the reason that they had never been made parties to said proceeding in their own proper names and were never served with process therein. The motion was supported by affidavit setting forth the facts.

The clerk denied the motion. On appeal, the judge below, after finding the essential facts, entered judgment vacating the proceeding as to the

male movant and denying the same as to the *feme* movant. She excepted and appealed.

*A. A. McDonald, Victor S. Bryant, and Robert I. Lipton for appellant, Elsie Bumpass Doggett.*
*Robert E. Long for the Board of Commissioners of Roxboro.*
*Davis & Davis for Roxboro Building & Loan Association.*
*Melvin H. Burke for Dee A. Clay.*

BARNHILL, J.   The *feme* movant is the owner of the property described in the complaint, subject to the life estate of Maggie Bumpass. She is therefore a necessary party to this action.   *Wilmington v. Merrick,* 231 N.C. 297; *Eason v. Spence,* 232 N.C. 579.

The plaintiff sought to bring her in and subject her to the jurisdiction of the court by service of summons by publication.   Whether 'the proceeding in this respect was sufficient for that purpose is the primary question.

The service of process by publication is in derogation of the common law and the statute making provision therefor must be strictly construed. The court must see that every prerequisite prescribed exists in the particular case before it grants the order of publication.   *Spiers v. Halstead,* 71 N.C. 209; *Windley v. Bradway,* 77 N.C. 333; *Wheeler v. Cobb,* 75 N.C. 21; *Faulk v. Smith,* 84 N.C. 501; *Bacon v. Johnson,* 110 N.C. 114; *Rodriguez v. Rodriguez,* 224 N.C. 275, 29 S.E. 2d 901.

The statute prescribes, with particularity and caution, the cases and causes in which, and the conditions upon which, such service will be authorized..   G.S. 1-98 and 105-391.   It expressly designates the facts which must be made to appear to the court by affidavit as the basis for an order of service by publication.   The affidavit required to support an order for service of summons by publication is jurisdictional.   The omission therefrom of any of the essential averments on which an order for substitute service is predicated is fatal.   *Groce v. Groce,* 214 N.C. 398, 199 S.E. 388; *Rodriguez v. Rodriguez, supra; Simmons v. Simmons,* 228 N.C. 233, 45 S.E. 2d 124.

"Everything necessary to dispense with personal service of the summons must appear by affidavit."   *Davis v. Davis,* 179 N.C. 185, 102 S.E. 270.

The affidavit must make it appear that a cause of action exists in favor of the plaintiff against the defendant upon whom such service is sought, G.S. 1-98, and the cause of action must be stated with such clearness and comprehension as may enable the court to determine its sufficiency.   *Spiers v. Halstead, supra; Bacon v. Johnson, supra; Martin v. Martin,* 205 N.C. 157, 170 S.E. 651.   While the statement of the cause

of action as set out in the affidavit may be abbreviated, it must be sufficient to disclose the nature of the action.

Here the affidavit contains no reference to a cause of action. It merely makes it appear that Elsie Bumpass cannot, after a diligent search, be found in this State. It is insufficient to support the order of publication.

But the plaintiff stressfully contends that any defect in the affidavit is cured by the complaint which was on file when the affidavit was presented. It relies on the decisions in *Davis v. Davis, supra; Bank v. Tolbert,* 192 N.C. 126, 133 S.E. 558; and *Martin v. Martin, supra.* But these decisions can afford plaintiff little comfort, for they are clearly distinguishable.

In the *Davis case* a verified complaint and the affidavit were filed contemporaneously. Both were presented to the clerk with the proposed order for service by publication.

The court in the *Tolbert case* concluded that the affidavit was sufficient. It commented that, in that case, the jurisdiction of the court, as to the subject of the action, need not be shown by affidavit, and that, in any event, jurisdiction of the subject matter appears from the facts alleged in the complaint. The complaint was not used to supplement the affidavit.

In the *Martin case* the plaintiff requested the court to consider the complaint as an affidavit upon which an order for service by publication should be issued. The court in its opinion stated the rule followed in the *Davis case* as follows: ". . . if a verified complaint containing the necessary allegations be filed simultaneously with the affidavit, the complaint may be treated as an amendment or complement which cures the defect." This rule applies when it appears that the clerk considered the complaint as the basis, in whole or in part, of his order.

But in this case the complaint and affidavit were not filed simultaneously. At the time the affidavit was presented, the complaint had been on file more than fifteen days. The clerk was not required to search his files to ascertain whether there was some pleading of record which might supplement the defective affidavit. It affirmatively appears that he did not do so. He expressly cites the affidavit as the basis of his findings.

Furthermore, even if we resort to the complaint, it is at least doubtful whether that states the cause of action the plaintiff now asserts it relied upon. While it appears in the caption as one of the defendants, the name of Elsie Bumpass is not contained in the body of the complaint. The one allegation of her interest in the controversy—if it may be so considered—is ambiguous and misleading.

The plaintiff likewise relies on G.S. 105-393, which provides that no proceeding to contest the title conveyed in a tax foreclosure action, or

motion to reopen or set aside the judgment therein, shall be entertained after the expiration of one year. But this statute will not avail here.

Notice and an opportunity to be heard are prerequisites of jurisdiction, *Wilmington v. Merrick, supra; Eason v. Spence, supra,* and jurisdiction is a prerequisite of a valid judgment. *McRary v. McRary,* 228 N.C. 714, 47 S.E. 2d 27. The Legislature is without authority to dispense with these requirements of due process, and lapse of time cannot satisfy their demands. No statute of limitations, therefore, can bar the right of a litigant to assert that he is not bound by a judgment entered in a cause of which he had no legal notice.

The decree of confirmation of the sale, entered by the clerk in the original foreclosure proceeding, does not suffice to bar Elsie Bumpass Doggett, the movant, or to authorize the conveyance of her remainder interest in the property. Therefore, the judgment entered in the court below, in so far as it affects her interest in the property, must be

Reversed.