### DRAINAGE COMMISSIONERS v. C. A. WEBB & CO.

(Filed 4 December, 1912.)

**Drainage Districts—Bond Issues—Taxation—Exemptions—Constitutional Law.**

Drainage districts are not regarded as municipal corporations in purview of the Constitution, Article V, sec. 5, and a legislative act exempting their bonds from taxation violates the uniform rule as to taxation required by Article V, sec. 3, and by Article V, sec. 9, and hence such an act is unconstitutional.

APPEAL by plaintiffs from *Ferguson, J.,* at May Term, 1912, of DUPLIN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Kerr & Gavin for plaintiffs.*

*C. A. Webb and T. H. Calvert for defendants.*

CLARK, C. J. The only question presented is whether the Legislature had the power by chapter 177, Public Laws 1911, to exempt from taxation bonds issued by the commissioners of the Muddy Creek Drainage District in Duplin County.

Constitution, Art. V, sec. 3, declares: "Laws shall be passed, taxing by a uniform rule all moneys, credits, investments in bonds, stocks, joint-stock companies, or otherwise; and also all real and personal property." And Article VII, sec. 9, provides: "All taxes levied by any county, city, or town or township shall 'be uniform and *ad valorem* upon all property in the same, except property exempted by this Constitution."

The language of the Constitution is explicit, and the court below properly held that the bonds of this drainage district could not be exempted from taxation. The plaintiffs contend that the Legislature has such power to exempt bonds from taxation under Article V, sec. 5, which provides that "Property belonging to the State or to municipal corporations shall be exempt from taxation." But its own bonds are not the property of the drainage district. Nor is such district a municipal corporation; certainly not within the meaning of that paragraph of the Constitution, which merely contemplates exempting property belonging to the State and to counties, cities, and towns. The reason for this is that as the State has the taxing power, if its bonds are not exempted the amount of the taxes will merely be added to the rate of interest, and it would be useless to collect additional taxes to pay the interest when it will save commissions thereon to deduct the taxes in advance, thus reducing the rate of interest. We do not know of any county or municipal bonds being exempted, but if it can be done, the exemption would only extend to taxes of the county or municipality issuing such bonds; else, to the extent of the exemption, such county or municipality would be taxing the people of the rest of the State.

As stated by *Hoke, J.,* in *Sanderlin v. Luken,* 152 N. C., 743, these drainage districts are regarded as ."public *quasi*-corporations, but partaking to some extent of the character of a governmental agency." Their assessments upon the land, it is said, quoting *Shuford v. Commissioners,* 86 N. C., 552, are "regarded as a local assessment and made with reference to special benefits derived from the property assessed. from the expenditure, while taxes are public burdens imposed as burdens for the purpose of general revenue."

It is clear that the drainage commissioners have no power to levy taxes for the purposes of general revenue. They can only levy local assessments for the purposes of the public *quasi*-corporation. Hence, such drainage districts are not municipal corporations whose property or whose bonds can be exempted from taxation. To exempt either is equivalent to taxing all other property for their benefit. In *Loan Association v. Commissioners,* 115 N. C., 413, *Burwell, J.,* says: "The General Assembly may exempt cemeteries and property held for educational, scientific, literary, charitable, or religious purposes, and also the personal property of the taxpayer to a value not exceeding $300. Constitution, Art. V, sec. 5. It has no power to make any other exemptions. It is impliedly forbidden to do so." To same effect, *R. R. v. Allsbrook,* 110 N. C., 137; *Pullen v. Corporation Commission,* 152 N. C., 548.

In view of the plain provisions of our Constitution restricting exemptions to the above recited purposes and requiring taxation to be uniform and *ad valorem* upon all other property, it will be useless to discuss decisions in other States with constitutions more or less variant from our own.

The drainage districts have conferred upon them the right of eminent domain, just as a railroad company or an electric power plant has, and for the same reason, that they are *quasi*-public corporations. But they do not come within the definition of "municipal corporations" in Constitution, Art. V, sec. 5. They have no governmental taxing power for general purposes. It is true, the formation of these districts is encouraged by our statutes, because they are expected to aid largely in the development of the State. But so do railroads, electric power plants, and other *quasi*-public corporations. No one can contend that property or bonds of those companies can be exempted from taxation, nor can those of a drainage district.

Affirmed.

ALLEN, J., concurring: I concur in the result upon the ground that the drainage district is not a municipal corporation within the meaning of Article V, sec. 5, of the Constitution.

WALKER and BROWN, JJ., concur in this opinion.