## A. SAWYER v. CAMDEN RUN DRAINAGE DISTRICT.

(Filed 18 February, 1920.)

**1. Summons—Service—Publication—Affidavit—Process.**

An affidavit used as the basis for the publication of summons on a nonresident defendant is required to show, among other statutory requirements, in order to a valid service, that the defendant cannot be found in the state after diligent search.

**2. Drainage Districts—Negligence—Torts—Damages.**

A drainage district is liable in damages for wrongs and torts committed on the property of adjoining owners of lands not embraced in the district being established under the provisions of the statute. See *Spencer v. Wills*, at this term.

**3. Same—Final Decree—Outside Lands—Permanent Damages—Election —Judgments—Estoppel—Statutes.**

The whole of plaintiff's lands were originally included in a drainage district to be established under the statutory provisions, but the final judgment so restricted and modified the survey, plat and boundaries as to exclude all except a comparatively small portion of the land, the preliminary survey showing that a canal would go through the land included as well as through the land, or a large part thereof, excluded by the final judgment. There was no evidence that ancillary proceedings for this outside lands by condemnation had been resorted to (ch. 442, sec. 7, Laws of 1909), and *Held*, that the plaintiff, in his independent action, may elect to recover the permanent damages caused to his land.

CIVIL ACTION, tried before *Lyon, J.,* and a jury, at July Term, 1919, of CAMDEN.

The action is to recover damages for injury to plaintiffs, caused by cutting a drainage canal through the same, at the instance and for the benefit of the defendant drainage district, the said lands lying outside and below the boundaries of the district.

There was denial of liability, and, on issues submitted, the jury rendered the following verdict:

"1. Did the defendant wrongfully enter upon lands of plaintiff, and cause to be constructed right of way and canal, and cut timber, as alleged in complaint? Answer: 'Yes.'

"2. Is plaintiff's cause of action barred by the statute of limitations? Answer: 'No.'

"3. What damage, if any, is plaintiff entitled to recover? Answer: '$505.50, including interest.'"

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Aydlett & Sawyer and Ehringhaus & Small for plaintiff.*
*Thompson & Ward for defendant.*

Hoke, J. The facts in ·evidence tended to show that, in January, 1911, certain landowners instituted proceedings to establish defendant drainage district under ch. 442, Laws 1909, and amendments thereto, and filed their petition setting forth the desired boundaries, which included petitioners' lands and a large number of others who were named as parties defendant; that among the latter were the heirs of C. W. Grandy, whose individual names are given, and who then owned a large body of land within the designated territory, containing 450 or 500 acres. That these heirs, being residents of Norfolk, Va., publication was had on affidavit setting forth the nature of the proceedings. That said defendants (naming them) "were all nonresidents; that they were necessary and proper parties defendant in the cause, and that service of summons could not be made on them except by publication according to law." That the preliminary survey and plat showed that the proposed canal would extend for a considerable distance through the tract of land owned by said defendants, but, in the final decree, establishing the drainage district, only 37½ acres of the land was included in the district, and the judgment determining the question of the benefits and burdens is referred to the report as modified and changed in the final decree. Plaintiff, having by proper deed acquired the title of these heirs of C. W. Grandy, sues for the damages caused by cutting the canal through that portion of his land not included in the drainage district, and, in our opinion, his recovery for such damage must be sustained.

The authorities seem to be decisive that, under our statute as now framed, the allegation that a defendant cannot be found in the State, after diligent search, is an essential averment to a valid service of original process by publication. *Davis v. Davis,* at the present term. But; if it be conceded that the affidavit in the present instance contains averments that are the full equivalent of terms referred to, and that the holders of plaintiff's title have been made parties, it is held in this jurisdiction that these drainage districts, established under the provisions of our present statutes, are liable for wrongs and torts committed on the property of adjoining proprietors whose lands are not embraced in the district. While they may have certain municipal powers bestowed upon them, the better to carry out their .purpose, being organized primarily for the benefit of individual owners, they are not regarded as municipal corporations in the constitutional sense of the term, nor protected as governmental agencies from suits by individuals except when the same may be authorized by law. They are classed rather with railroads and other *quasi*-public corporations, and may be held liable, as stated, for wrongful invasion of the proprietary rights of thirds persons. *Leary v. Comrs.,* 172 N. C., 25; *So. Assembly v. Palmer,* 166 N. C., 75; *Comrs. v. Webb,* 160 N. C., 594; *Powell v. R. R.,* at the present term; *Brad-*

*berry v. Drainage District,* 236 Ill., 36; *Bunting v. Drainage District,* 99 Nebraska, 843; *Peck v. Chicago,* 270 Ill., 34.

Speaking to the question in *Leary's case,* and in answer to the position taken by defendants that they were liable neither as a board nor as individuals, *Chief Justice Clark* said: "We think they are liable in both capacities. It is true that the drainage district is a public-service corporation, *Sanderlin v. Luken,* 152 N. C., 738; *Drainage Comrs. v. Farm Association,* 165 N. C., 697, but it is not a governmental agency and occupies the same relative position as a railroad company or other similar *quasi*-public corporation, created for private benefit, but endowed with the right of eminent domain and other public functions by reason of the public benefit."

In our opinion, plaintiff's cause comes within the principle, and, on the facts presented, and the pleadings as now framed, he has rightfully recovered for the trespass upon his land outside of the drainage district. Although the preliminary survey showed that the canal would go through this outside land or a good part of it, and the report declared that "no one would be damaged by the proposed improvement," the final judgment modified this survey and plat and restricted the boundaries of the district to 37½ acres, and this judgment only purported to determine the question of benefits and burdens as to land within the district as established, and not otherwise. Plaintiff therefore has had no adjudication of his right to damages as to this outside land, and no provision is made or opportunity given for the assertion of a claim at his instance till his property was invaded and the injury suffered. True, in section 7 of the statute, provision is made for condemning outside lands when the same cannot be acquired by purchase, this to be done by ancillary proceedings in which the question is directly presented and passed upon, but the record shows no such procedure. On the contrary, the commissioners, through their officers and agents, have entered on this outlying land and cut the canal and shutting off access to certain timber thereon without condemning the same or giving plaintiff an opportunity to be heard as the statute provides and requires. This being true, plaintiff, at his election, may, by his action, recover for the permanent damage done him. *Mason v. Durham,* 175 N. C., 638.

There is no error, and judgment for plaintiff is affirmed.

No error.