The action is for a permanent injunction restraining defendants from collecting or attempting to collect by execution and levy a certain judgment obtained by P. M. King, administrator of Maggie Barber, deceased, against the North Carolina Railroad Company, hereafter called plaintiff. On the facts presented, the application for further continuance of the restraining order was denied. The court below, however, in the exercise of a discretion vested in it by a recent statute, chapter 58, Laws of 1921, adjudged that the preliminary order be continued pending the appeal to this Court. From so much of the judgment as refuses to continue the restraining order to the hearing, and also make the same permanent, plaintiff excepts and appeals, etc.
As we understand, there is no substantial difference between the parties as to the facts affecting their rights, and from these facts contained in the present record, and by proper reference in the case of King v. R. R., reported in 184 N.C. 442, it appears that plaintiff is lessor of the Southern Railway Company, under a lease for 99 years, which is still existent, and, under the terms of said lease and our State decisions applicable, is liable for the torts and wrongs of the *Page 186 
Southern Railway Company, its agents and employees, committed in the use and operation of plaintiff road, and in the exercise of its franchise.Mabry v. R. R., 139 N.C. 388, citing Aycock v. R. R., 89 N.C. 321, andLogan v. R. R., 116 N.C. 940, and other cases.
That in February, 1920, P. M. King, administrator of Maggie Barber, deceased, sued the plaintiff railroad, alleging that his intestate had been negligently run over and killed by the agents and employees of the Southern Railroad, "operating plaintiff's railroad under the Director General of the United States, etc., pursuant to the acts of Congress," etc.
The plaintiff answered, denying liability and alleging that plaintiff's road at the time was under the control of the Director General of the United States under the acts of Congress and executive orders appertaining to the subject, and denied that the intestate was killed or injured by the negligence of its lessee or any of its agents or employees, etc.
On issues submitted, the administrator recovered judgment for $2,500 for the negligent and wrongful killing of the intestate by the lessee, and plaintiff excepted and prayed an appeal; but failing to prosecute the same, the judgment for said amount stands unchallenged and unquestioned by any writ of error or other process looking to a modification or review of the same.
That said judgment not being paid, the administrator instituted an action thereon, alleged the existence of the judgment, its nonpayment, etc.; and thereupon plaintiff answered, admitting the recovery of said judgment, but denied any and all liability thereon, setting forth its defense in effect as follows:
"To this complaint defendant answered, admitting the recovery and existence of the judgment sued on, but alleged that same was not a valid or binding judgment because it was obtained for the wrongful death of intestate caused by the negligence of the employees and agents of the Government of the United States while the properties of defendant were being operated and controlled by the Director General of Railroads under and by virtue of the acts of Congress and the orders of the President of the United States, and for that reason said judgment is illegal and void. Defendant alleged further, in effect, that this alleged negligent killing took place when its road and all equipment, etc., was in control and charge of the Government under the acts of Congress and orders aforesaid, and at a time when none of the agents and employees, etc., of defendant or its lessees were engaged in operating said road or in any way responsible for said death; and to hold it liable for such an injury under such circumstances would be to take defendant's property without due process of law, etc. And in supplemental answer, filed by leave of court, alleged further that the present action on the judgment in behalf of defendant was in the endeavor to *Page 187 
evade in some way the provision contained in the act of Congress known as the Transportation Act of 1920, sec. 206 (g), in terms as follows:
"`No execution or process, other than on a judgment recovered by the United States against a carrier, shall be levied upon the property of any carrier where the cause of action on account of which the judgment was obtained grew out of the possession, use, control, or operation of any railroad or system of transportation by the President under Federal control.'
"And defendant pleads further provisions of said Transportation Act in bar of recovery on the judgment."
And the administrator having demurred, there was judgment sustaining the demurrer in terms as follows: "This cause coming on to be heard upon plaintiff's demurrer to the answer of defendant, it is now considered and adjudged by the court that said demurrer be and the same is hereby sustained. It is further considered and adjudged by the court that the plaintiff have and recover of defendant $2,500, with interest thereon from 21 March, 1921, and the further sum of $95.65, with interest from same date, and the cost of this action, to be taxed."
From this judgment plaintiff excepted and appealed to this Court, where the judgment sustaining the demurrer was affirmed. See case of King v. R.R., 184 N.C. 442. And the opinion having been certified down, there was further judgment as follows:
"In this action, it appearing to the court that judgment was recovered by plaintiff against defendant at April Term, 1922, of this court, in the sum of $2,595.65, with interest and costs; that defendant appealed from said judgment to the Supreme Court, and that on said appeal the said judgment was affirmed, and that the certificate of the determination of said appeal has been received, and is now on file.
"It is now considered and adjudged by the court that execution of said judgment do proceed."
And these judgments stand unquestioned by writ of error or other process looking to their review or modification, and under and by virtue of the same the execution has been issued and levy made which plaintiff now seeks to enjoin.
Upon these, the facts chiefly pertinent, we must approve his Honor's ruling in denial of the injunction, and are of opinion that the plaintiff is concluded by the judgments against it as to the protection and immunity it now endeavors to invoke. In the original action against the plaintiff, the fact that the road had been taken over by the Government under the acts of Congress and executive orders appertaining to the subject was directly presented, and the question of liability was decided against plaintiff. This was under the position then prevailing here and in some of the other State courts under these acts of Congress *Page 188 
and executive orders; by correct interpretation the companies, in this instance plaintiff's lessee, were in charge of and operating the roads under the supervision and control of the Director General, and in proper instances both could be held liable. True, the position was later disapproved by the Supreme Court of the United States, the final authority on these questions, in Miss. Pacific R. R. v. Ault, 256 U.S. 554, and other cases, but this only serves to show that the judgment in question was erroneous, and binds the parties unless and until it is reversed or modified by appeal or other writ in the orderly review of the case. See the decisions cited in the case of King v. R. R., 184 N.C. 442, among others,Grignons, Lessee, v. Astor et al., 2 Howard U.S., 319, 340.
In this last case the Court, among other things said: "The purchaser is not bound to look beyond the decree. If there is error in it of the most palpable kind, if the court which rendered it, in the exercise of jurisdiction, disregarded, misconstrued or disobeyed the plain provisions of law which gave them the power to hear and determine the case before them, the title of the purchaser is as much protected as if the adjudication would stand the test of a writ of error, and so where an appeal is given but not taken in the time allowed by law."
And in the second action, wherein judgment was rendered on the suit in the first, the plaintiff set up in his defense both the statutes and executive orders by which the roads were taken over by the Government, and also the Transportation Act of 1920, being chapter 91, 41st U.S. Statutes at Large; and this attempted defense having been held insufficient and disallowed, judgment was rendered against plaintiff; and, as heretofore stated, stands thus far unquestioned by appeal, writ of error, or otherwise.
The appellant does not contend that the defenses he is now attempting to make were not presented, discussed and determined against it in these former suits, and that judgments were therein entered establishing his liability, but it is insisted that the proceedings and judgments have not been such as to enable it to obtain a review of the Federal question presented, for the reason that in the opinion in the last suit there are grounds advanced sufficient to uphold the judgment which do not involve the Federal question relied upon, and therefore no right of review having been afforded, a remedy is still open to him under and by virtue of the provisions of the Transportation Act, 41 Statutes at Large, ch. 41, sec. 216 (g), forbidding the levy of an execution on the property of the carrier where the cause of action in which it was obtained grew out of the operation of the road, etc., while in possession and control of the Government. The general principle, as stated, is undoubted and has been expressed and approved as late as April, 1923, *Page 189 
in the case of The People ex rel. Doyle v. Atwell, 261 U.S. p. 590, but in our opinion the position will not avail the appellant.
Recurring again to the facts presented in the first action by the administrator, plaintiff having pleaded the acts of Congress and executive orders taking over the roads by the Government in bar of relief, the defenses were disallowed and verdict and judgment were had establishing liability, notwithstanding these alleged defenses. This judgment, it will be noted, having been entered more than twelve months after the Transportation Act went into effect.
In a second suit on this judgment, as heretofore stated, the statutes and executive orders taking over the roads by the Government, and the Transportation Act by which they were restored to the owners, were all set up by plaintiff in its defense, and, for reasons stated in the opinion of the State Court (184 N.C. p. 442), these defenses were disallowed and final judgment entered establishing liability.
True, in the opinion, the Court, referring to the language of the Transportation Act more directly applicable (section 2069), said: "It might suffice to say, in answer to this position, that plaintiff thus far has not undertaken to levy any process or execution against the property of defendant road, and his proceeding does not therefore come within the literal terms of the provision on which he here relies." But the Court, putting aside this view, deals directly with the defenses presented, holding that they were not available to plaintiff, and that the former judgment in favor of the administrator established an enforceable liability.
From the force and effect of these two judgments, unchallenged and unquestioned by writ of error or other process looking to their modification, we are of opinion, as stated, that plaintiff is concluded on the question of liability, and that its application for an injunction against final process has been properly refused. So far from appellee's endeavoring to evade the effect of the Federal regulations on this subject, as suggested in appellant's brief, it would seem that appellant, having lost his right to review the judgments had against it, is endeavoring to obtain a rehearing of the case by means of a second suit — a course that is uniformly condemned under our decisions applicable. Hospital v. R.R., 157 N.C. p. 460, and cases cited.
Speaking to the two inhibitions appearing in the Federal legislation and executive orders protecting the roads while in the control of the Government, the Court, in King v. R. R., among other things, said: "The first inhibition, as stated, being to protect the roads from physical interference by third persons, creditors, or other, while in possession and control of the Government, and the second to protect the carriers in the possession and control of their own roads from physical *Page 190 
interference by reason of any actions or judgments provided for and allowed by the government, but this legislation, in our view, was never intended to protect the carriers from judgments in independent suits by claimants where they have failed to plead or properly insist on the immunity from liability which had been provided for their protection. The Government has made provision by its legislation to protect the carriers from molestation by reason of any judgments it has authorized and provided for, but it has not undertaken, as guardian ad litem, to avoid or destroy the force and effect of independent judgments against which the carrier has neglected or failed to interpose his proper defenses."
We find no error in the judgment appealed from, and the same is
Affirmed.