### RAY v. PILOT FIRE INSURANCE CO.

#### (121 S.E., 779)

JUDGMENT—NORTH CAROLINA JUDGMENT VOID, WHEN COMPLAINT NOT FILED IN TIME, AND AFFIDAVIT DID NOT SHOW DILIGENT ATTEMPT TO FIND DEFENDANT.—Where an action was brought in North Carolina against a resident of South Carolina, and the complaint was not filed before the expiration of the time of publication, as required by C. S. N. C. § 486, and the affidavit for publication did not show that due diligence was used to find defendant in North Carolina, *held,* that the judgment rendered was void.

Before MAULDIN, J., Richland, October, 1922. Affirmed.

Action by Catherine Ray against the Pilot Fire Insurance Co. From a judgment for plaintiff, defendant appeals.

*Messrs. Frierson & McCants* and *C. B. Elliott,* for appellant, cite: *Full faith and credit clause:* U. S. Const. Art., 4, Sec. 1; 210 U. S., 230. *Force and effect of judgment in South Carolina as well as North Carolina:* Sec. 905 U. S. Rev. Stat., 95 U. S., —— 94 U. S., 260. *Attachment proceedings determined by the law of state in which brought, provided property within jurisdiction:* 6 C. J. Attachment 37; 38 S. C. L., 21; 95 U. S. —— 1 S. C., 158. *Attachment and service by publication presumption in favor of jurisdiction of the Court:* 18 Wall 350. *Judgment not subject to collateral attack:* 81 S. E., 1058; 53 S. E., 78; L. Ed., 931. *Jurisdiction of nonresident creditor by publication:* 174 U. S., 710; 49 L. Ed., 1027. *Time for filing affidavit:* 58 S. C., 398. *Failure to file complaint, without reasonable objection, no bar:* 132 N. C., 474; 113

N. C., 390; 65 N. C., 485. *Statute complied with, the action should not be dismissed or attachment dissolved:* 79 N. C., 313; 128 N. C., 351; 159 N. C., 38, Sec. 799; Revisal (N. C.), 91 N. C., 483; 127 N. C., 429; 114 N. C., 617; 65 N. C., 645.

*Messrs. C. L. Blease* and *C. T. Graydon* for respondent.

March 11, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a directed verdict in favor of the respondent by his Honor, Judge Mauldin, for the sum of $1,200. The exceptions, four in number, raise the simple question:

"Did the presiding Judge err in denying full faith and credit to the judgment obtained in the Court of North Carolina on the sole ground that the filing of the complaint on the 29th day of March, 1922, was such a jurisdictional defect as rendered said judgment void?"

Both the plaintiff and defendant in that action lived in Union, S. C. The cause of action on the policy arose at Union, S. C. The policy must have shown where the respondent lived. The Consolidated Code of North Carolina, Civil Procedure, § 486, provides:

"*Filing Complaint.* In all cases wherein publication is made complaint must be filed before the expiration of the time of publication ordered."

The record in this case shows that the complaint was not filed in accordance with this provision. The affidavit to obtain the publication is fatally defective, under the North Carolina law, on its face, in that it does not show that due diligence was used to find the defendant in the State of North Carolina, which is necessary to secure the publication. *Davis v. Davis,* 179 N. C., 185; 102 S. E., 270. *Sawyer v. Camden Run Drainage,* 179 N. C., 182; 102 S. E., 273.

*Sheldon v. Kivett,* 110 N. C., 408; 14 S. E., 970. In *Davis v. Davis, supra,* we find:

"The third objection must be sustained. *Wheeler v. Cobb,* 75 N. C., 21, which is approved in *Faulk v. Smith,* 84 N. C., 503, is directly in point. In that case it was held that an affidavit, filed to procure an order of publication, which stated that the defendant was a nonresident, was fatally defective because of failure to allege that the defendant could not after due diligence, be found within the state, and the Court held that the defendant in that case was in fact a nonresident, which are identical with the facts in this record. Bynum, J., speaking for the Court says: 'The service of summons by publication is fatally defective, in that it does not conform to the requirements of the statute. The foundation and first step of service by publication is an affidavit that "the person on whom the summons is to be served cannot, after due diligence, be found within the state." Bat. Rev. C. 17, § 83. This requirement was omitted in the affidavit, why it is hard to conceive, as it was made by the attorney himself, who, as a prudent practitioner, should have had the statute before him in drafting the affidavit, for this Court has repeatedly held that the provisions of this statute must be strictly followed. *Spiers v. Halstead,* 71 N. C., 210. Everything necessary to dispense with personal service of the summons must appear by affidavit. The mere issuing of a summons to the Sheriff of the County of Pasquotank, and his indorsement upon it the same day after it came to hand that "the defendant is not found in my county," is no compliance whatever with the law; for it might well be that the defendant was at that time in some other county in the State, and that the plaintiff knew it, or by due diligence could have known it, and make upon the defendant a personal service of the summons. Every principle of law requires that this personal service should be made, if compatible with reasonable diligence.' "

In the *Sawyer Case,* 179 N. C., 182; 102 S. E., 273, we find this:

"The authorities seem to be decisive that, under our statute as now framed, the allegation that a defendant cannot be found in the State after diligent search is an essential averment to a valid service of original process by publication. *Davis v. Davis,* 102 S. E., 270, at the present term."

We are satisfied that, under the Code of Civil Procedure of North Carolina and the decisions of her Courts, the judgment obtained in the North Carolina Court was void. All exceptions are overruled and judgment affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur.

MR. JUSTICE COTHRAN (dissenting): Action upon a fire insurance policy dated November 22, 1920, in the sum of $1,200, covering a dwelling house belonging to the plaintiff, which was thereafter, in the life of the policy, destroyed by fire. After the fire, and before the policy was paid, one Furman Fowler, who claimed to have an account against the insured, instituted an action in Guilford County, N. C., at Greensboro, where the insurance company had its home office, against the insured, and had an attachment levied upon the proceeds of the insurance policy in the hands of the company. At that time both Fowler and Catherine Ray were residents of Union, S. C., and the plaintiff in that action attempted to secure jurisdiction by the service of the summons by publication. Thereafter the action proceeded to judgment in favor of Fowler against Catherine Ray for $623, costs $28.55, and interest $34.26, total $685.81, and pursuant to the order of the Court the insurance company paid to the Clerk of Court said amount on June 22, 1921.

On July 6, 1921, the present action was instituted by Catherine Ray against the company, claiming the amount of the policy, $1,200. The company answered, admitting the execution of the policy and the destruction of the property by fire, and setting up the payment of the $685.81 judg-

ment in favor of Fowler as satisfaction *pro tanto* of the
insurance claim, and offering to allow judgment against it
in favor of Catherine Ray for the difference $514.19.   The
case was tried before Judge Mauldin and a jury October 2,
1922.

The defendant offered in evidence a certified transcript
of the proceedings of the North Carolina Court, resulting in
the judgment in favor of Fowler as above stated.   The
plaintiffs objected to its introduction upon the following
grounds:

(1) That the complaint was not filed before the expira-
tion of the time for publication ordered, as required by
Code, N. C., 1919, § 486.

(2) That there was insufficient proof of the publication
of summons and warrant of attachment.

(3) That the record did not show a return by the in-
surance company of the nature and amount of the property
held by it and attached.

(4) That there was no certificate of default by the de-
fendant.

His Honor, the Circuit Judge, did not pass upon the
second, third, and fourth objections, but held that the first
objection was fatal to the validity of the judgment, ex-
cluded the record, and directed a verdict in favor of the
plaintiff for $1,200.   From the judgment entered upon the
verdict the defendant has appealed.

No motion by the plaintiff is made in this Court to sustain
the judgment upon other grounds, although in the respond-
ent's argument it is insisted that the judgment is void for
the reason that the affidavit, upon which the order of publi-
cation was made, does not contain an allegation that the
defendant after due diligence could not be found within the
State.   This objection was not interposed in the Court be-
low, was not passed upon by the Circuit Judge, is not re-
ferred to in the exceptions, and is not properly before this
Court now for adjudication.   It follows that the only

22—S. C. R., 128.

question which this Court is obligated, or even authorized, to consider, is the ruling of the Circuit Judge that, as it appeared that the complaint was not filed with the Clerk of the Court "before the expiration of the time of publication ordered," as required by the North Carolina Code, the judgment thereafter rendered by the Court is a nullity.

The North Carolina Code (Consol. Code, 1919, § 486) provides:

"In all cases wherein publication is made, the complaint must be filed before the expiration of the time of publication ordered."

The order of publication was issued on February 25, 1921; the return day was fixed as of March 28, 1921; publication was made on March 3d, 10th, 17th, and 24th; the complaint was filed with the Clerk on March 29th.

The North Carolina Code (Consol. Code, 1919, Vol. 1, § 505) provides:

"The first pleading on the part of the plaintiff is the complaint. It must be filed in the Clerk's office on or before the return day of the summons; otherwise *the suit may, on motion, be dismissed* at the cost of the plaintiff, *but the Clerk,* for good cause shown, *may extend* the time to a day certain."

I think that it appears from the most casual reading of this section that the requirement as to filing the complaint within a certain time was not intended to affect the jurisdiction of the Court, which might render a judgment in a case where this requirement was not complied with. The fact that it provides that "the suit may on motion be dismissed" is conclusive, I think, upon the proposition that the Court has acquired jurisdiction, and that the judgment is perfectly valid unless and until the defendant makes a motion *in the cause* to dismiss it upon the ground stated; and so I read the North Carolina decisions upon this subject. In *McLeod v. Graham,* 132 N. C., 473; 43 S. E., 935, after the judgment had been rendered, the defendant made a motion under this

section to set aside the judgment upon the ground of irregularity. The Court said:

"But we cannot discover any irregularity in the judgment. The action was pending, and the judgment was regularly entered, and in due course. The failure to file a complaint was ground to dismiss the action, *if objection had been taken in apt time* (Code, 1883, § 206); but its absence was cured by acquiescence in the judgment."

If the Court, upon motion in the cause, will not vacate a judgment upon such alleged irregularity, it seems idle to argue that it is not considered a jurisdictional defect, available in a collateral attack upon the judgment. In *Leach v. Railroad Co.,* 65 N. C., 486, it is held that a judgment is not void because no written complaint was filed in the action. That the objections interposed by the plaintiff constitute a collateral attack upon the North Carolina judgment is obvious.

"A collateral attack upon a judgment has been defined to be 'one in an action other than that in which it was rendered.'" *Turner v. Malone,* 24 S. C., 398.

The distinctions between the different kinds of defective judgments and the remedies afforded for correcting errors in them are accurately and clearly stated in the case of *Carter v. Rountree,* 109 N. C., 29; 13 S. E., 717, substantially as follows:

(1) A *void* judgment is one that lacks some essential element, as where the Court has no jurisdiction of the subject matter, or has acquired no jurisdiction over the person or property of the defendant. It will be so declared in any proceeding, direct or collateral, in which the record disclosing the defect may be presented.

(2) An *irregular* judgment is one entered contrary to the method of procedure and practice allowed by law, in some material respect. It cannot be attacked collaterally at all, but must be corrected by motion in the cause.

(3) An *erroneous* judgment is one contrary to law. It cannot be attacked collaterally, but must remain and have effect until it shall have been corrected by appeal. See, also, *Allen v. Huntington,* 2 Aikens (Vt.), 249; 16 Am. Dec., 702. *Mortgage Trust Co. v. Reed,* 38 Colo., 458; 88 Pac., 473; 8 L. R. A. (N. S.), 1215; 120 Am. St. Rep., 132. *Turner v. Malone,* 24 S. C., 398, and citations 38 Reprint Ed., 171.

The cases from the North Carolina Court follow the rule disclosed in *Turner v. Malone,* 24 S. C., 398, and universally. In *Spillman v. Williams,* 91 N. C., 483, it was held:

"Although a judgment be irregular or erroneous, yet, if the Court granting it had jurisdiction of the parties * * * and the subjectmatter, * * * it cannot be attacked collaterally for such irregularity or error."

In *King v. Railroad Co.,* 184 N. C., 442; 115 S. E., 172, it is held:

"The Court being with us one of general jurisdiction, every reasonable intendment is presumed in favor of the validity of its judgment, and the same may not be impeached collaterally, except for lack of jurisdiction of the cause or the parties, apparent on the face of the record."

In *Santiago v. Nogueras,* 214 U. S., 260; 29 Sup. Ct., 608; 53 L. Ed., 989, it is said:

"The plaintiffs further contend that, if the United States provisional Court had jurisdiction of the case and the parties, in some way it had lost it, because in the course of its proceedings it disregarded certain provisions of the Code of Civil Procedure which were binding upon it. But clearly no such question is open on a collateral attack, such as this is."

In *Davis v. Davis,* 179 N. C., 185; 102 S. E., 270, one of the grounds of the motion *in the main cause,* to set aside the judgment, was that the summons was made returnable in a county in which the defendant did not reside. In spite of the Code provision that, "in all proceedings for divorce,

the summons shall be returnable to the Court of the County in which the applicant resides," the Court held that the matter was not one of jurisdiction.

As stated above, I do not think that the question of the validity of the affidavit for publication, not having been urged in the Circuit Court, is now before us for consideration; but, if it were, the case of *Bailey v. Hopkins,* 152 N. C., 748; 67 S. E., 569, seems conclusive that, where it is contended that such affidavit is defective, relief can only be had by motion in the cause, and not by a collateral attack upon the judgment. The case of *Davis v. Davis,* 179 N. C., 185; 102 S. E., 270, does decide that an affidavit which does not allege that the defendant cannot be found in the State will not support an order of publication, but the point there was raised upon *a motion in the cause,* and the question of collateral attack in an independent action did not arise, and of course was not decided, and even in that case the plaintiff was allowed to make a motion to amend his affidavit; the case being remanded to the Superior Court for that purpose, showing conclusively, I think, that the matter was not an irretrievable defect in jurisdiction.

I think, therefore, that it was incumbent upon the plaintiff to make a motion in the main cause, before the North Carolina Court which rendered the Fowler judgment, for an order vacating that judgment upon such grounds as she may have presented, the efficacy of the motion being for the decision of that Court, and, not having availed herself of that remedy, the record on its face did not show want of jurisdiction, and should have been received in evidence.

The judgment of this Court in my opinion should be that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

Mr. Justice Marion concurs.