EDGAR DENSON v. EDNA DENSON.

(Filed 22 November, 1961.)

1. **Divorce and Alimony §§ 1, 26; Judgments § 24—**

G.S. 50-3 providing that in an action for divorce the summons shall be returnable to the court of the county in which either the plaintiff or the defendant resides is not jurisdictional but relates to venue, and the jurisdictional requirement of G.S. 50-6 is met if the plaintiff has resided in this State for a period of six months preceding the institution of the action, and therefore a decree of divorce entered in an action in which defendant was personally served with summons may not be set aside on the ground of fraud upon the jurisdiction of the court merely because the action was instituted in a county other than plaintiff's residence.

2. **Divorce and Alimony § 1; Pleadings § 29—**

Where the complaint in an action for divorce alleges that plaintiff has been a resident of the State for more than six months prior to the institution of the action, the pleading does not raise a question of whether the plaintiff had been a resident of the county in which the action was instituted for the six-month period, and an issue as to the county of plaintiff's residence is inappropriate.

APPEAL by respondent Ola Kiser Denson from *Armstrong, J.,* June Term 1961 of DAVIDSON.

The plaintiff instituted an action for absolute divorce from the defendant in the Superior Court of Davidson County on 25 November 1959, on the ground that they had lived separate and apart for more

than two years next preceding the commencement of the action. Personal service was obtained on the defendant on 28 November 1959.

The cause came on for trial in the Superior Court of Davidson County on 25 January 1960 and the issue submitted as to residence reads as follows: "Has the plaintiff resided continuously in Davidson County, State of North Carolina, for more than six months next preceding the institution of this action?" This issue as well as the additional issues with respect to the marriage and as to whether plaintiff and the defendant had lived separate and apart for more than two years next preceding the commencement of the action, were all answered in the affirmative.

Judgment was entered on 25 January 1960, granting the plaintiff an absolute divorce from the defendant.

The plaintiff thereafter married Ola Kiser on 31 January 1960. Edgar Denson, plaintiff, died on 21 November 1960.

The defendant, Edna Denson, filed a motion on 20 January 1961 to set aside the judgment of divorce obtained by the plaintiff on 25 January 1960, on the ground, as the movant "is informed and believes, and upon such information alleges, that at the trial of this cause the plaintiff and another witness falsely swore under oath that the plaintiff had resided continuously in Davidson County for more than six months next preceding the institution of this action."

The motion was served on counsel of record for plaintiff who also appeared as counsel for Ola Kiser Denson, who, subsequent to the entry of the aforesaid judgment, married the plaintiff. The movant and her counsel and Ola Kiser Denson and her counsel appeared and offered evidence in the hearing below.

The court found certain facts, among them: (1) That the plaintiff had not resided in the County of Davidson at any time within twenty years prior to the institution of this action; (2) that the plaintiff and Ola Kiser Denson had been living as man and wife and in the same home in Forsyth County, North Carolina, continually since September 1958, until they married in 1960; (3) that on 10 May 1956, Ola Kiser and plaintiff caused to be executed to them a deed of conveyance in which the grantees were named as Edgar K. Denson and wife, Ola Denson; (4) that the plaintiff concealed from the court and the jury the fact that he actually was a legal resident of Forsyth County and that this act was deliberate and intentional due to his personal and real estate involvement with Ola Kiser, posing as his wife, Ola Denson.

Whereupon the court held as a matter of law that when the plaintiff caused the jury in Davidson County to answer affirmatively whether he was a resident of Davidson County, North Carolina, he perpetrated

a fraud upon the court which related to jurisdiction, making the judgment voidable.

Based on the findings of fact and conclusion of law, the court entered an order declaring the judgment theretofore entered in this cause a nullity.

Ola Kiser Denson, as respondent, moved to set aside the aforesaid order. The motion was denied. She excepted and appeals to the Supreme Court, assigning error.

*Hayes & Hayes* for appellee.
*Phillips, Bower & Klass* for appellant.

DENNY, J. An examination of the complaint filed in this action reveals that it was not alleged therein that plaintiff was a resident of Davidson County, but instead, "That the plaintiff is now and has been for more than six months a resident of the State of North Carolina * * *."

Therefore, the appropriate issue in light of the pleadings should have read: Has the plaintiff been a resident of the State of North Carolina for more than six months next preceding the commencement of this action? No issue as to whether the plaintiff was or was not a resident of Davidson County was raised by the pleadings.

It clearly appears from the evidence adduced in the hearing below that the plaintiff, Edgar Denson, at the time he instituted this action in Davidson County, North Carolina, was a resident of Forsyth County, North Carolina, and had been a resident thereof for several years immediately prior thereto.

Furthermore, no evidence was introduced in the hearing below tending to show that the plaintiff or any other witness on his behalf, testified at the trial in January 1960 that the plaintiff was a resident of Davidson County.

G.S. 50-6, in pertinent part, provides: "Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on the application of either party, if and when the husband and wife have lived separate and apart for two years, and the plaintiff or defendant in the suit for divorce has resided *in the State* for a period of six months." (Emphasis added.)

In *Henderson v. Henderson*, 232 N.C. 1, 59 S.E. 2d 227, this Court said: "Under this statute (G.S. 50-6), in order to maintain an action for divorce, the husband and wife shall have (1) lived separate and apart for two years; and (2) the plaintiff, husband or wife, shall have resided in the State of North Carolina for a period of one year (now six months)."

The jurisdictional requirement as to residence under G.S. 50-6 is met by allegation and proof of residence within the State of North Carolina for a period of six months next preceding the commencement of the action.

In 27A C.J.S., Divorce, section 83, page 284, it is said: "With respect to the place within the state for bringing action, an action for divorce is a transitory, and not a local, action and, therefore, in some jurisdictions it may be instituted in any county of the state, subject to the right of defendant to require the prosecution of the action in a county prescribed by statute," citing *Smith v. Smith*, 226 N.C. 506, 39 S.E. 2d 391.

"As a general rule, statutory provisions with respect to the place for commencing divorce proceedings relate to venue only, * * *." 27A C.J.S., Divorce, section 83, page 298.

In the case of *Smith v. Smith, supra*, the plaintiff, a resident of Hertford County, instituted a divorce action in Martin County. Summons was served on the defendant, a nonresident of North Carolina, by publication. In affirming the lower court's denial of the motion to set aside the judgment of divorce, this Court, speaking through *Winborne, J.*, now *C.J.*, said: "The provision of the statute, G.S. 50-3, that in all proceedings for divorce the summons shall be returnable to the court of the county in which either the plaintiff or defendant resides, is not jurisdictional, but relates to venue, and may be waived. If an action for divorce be instituted in any other county in the State, the action may be tried therein, unless the defendant before the time of answering expires demands in writing that the trial be had in the proper county. See *Davis v. Davis*, 179 N.C. 185, 102 S.E. 270."

In *Davis v. Davis*, 179 N.C. 185, 102 S.E. 270, the plaintiff brought an action for divorce in Beaufort County, although he resided elsewhere in North Carolina. The defendant was served with process by publication. This Court held: "The first objection of the defendant to the validity and regularity of the decree of divorce is based on section 1559 of Revisal (now G.S. 50-3), which provides that 'In all proceedings for divorce the summons shall be returnable to the court of the county in which the applicant resides,' the defendant contending that this is jurisdictional.

"It is evident that the General Assembly did not so intend because it placed the section under the title of venue and not of jurisdiction, and nothing appears to show the purpose to take an action for divorce out of the general principle, which prevails, that any action brought in the wrong county may be removed instead of dismissing it, and that a failure to make the motion for removal is a waiver of the objection to the county in which it is brought."

Likewise, in *McLean v. McLean*, 233 N.C. 139, 63 S.E. 2d 138, we held: "The mere fact of instituting suit for divorce in a county other than that of plaintiff's residence would not be regarded as affecting the jurisdiction of the court over the action on proper service, but rather as affecting only the question of venue."

Defendant Edna Denson, movant here, was personally served with process in the divorce proceeding, and it does not appear from the record before us that she filed an answer to the complaint therein. Neither is it contended that any motion was made for change of venue before the time for answering expired.

The evidence offered in the hearing below in support of the movant's motion establishes unequivocally that the plaintiff had been a resident of North Carolina for more than six months next preceding the institution of his action. Therefore, conceding, as we must in light of the evidence, that the plaintiff had been a resident of North Carolina for the time required by statute prior to the institution of his action for divorce, it is immaterial whether he was a resident of Davidson, Forsyth, or some other county.

We hold that the evidence introduced in the hearing below and the facts found based thereon are insufficient to support a conclusion that the plaintiff perpetrated a fraud on the court with respect to his residence.

The court below committed error in entering the order setting aside the judgment in this action, and the same is

Reversed.